PUTNAM *vs.* PUTNAM.

*In the matter of the Estate of* NATHANIEL PUTNAM, *deceased.*

A BEQUEST to W and F of a share of the residue, followed by a direction that such share be " paid them, when they come of age," constitutes a joint tenancy, and if one of the legatees die before a severance, the survivor will be entitled to the whole gift.

The right of survivorship is a characteristic of a joint tenancy. On the death of one joint tenant, either before the decease of the testator, or after his decease and before a severance of the joint tenancy, his right will survive to the other joint tenants.

The provisions of the Revised Statutes relative to joint tenancy in real estate, do not apply to personalty.

S. CAMBRELING, *for Executor.*

THE SURROGATE.—The testator gave to "William C. Slocum and Franklin Slocum," children of his deceased daughter Mary, one sixth of his estate, and then directed as follows: "William C. Slocum and Franklin Slocum's share to be paid them by my executor, when they come of age." One of these legatees has arrived at majority, and the other died, after the decease of the testator, before he attained twenty-one, unmarried and intestate, leaving his brother and his father surviving him.

I think it is clear the legacy in question was given to the donees as joint tenants; there is no severance expressed in the terms of the gift, and the language cannot be interpreted distributively. But then, it is apparent that the bequest became vested on the testator's death, at which time both the donees were living, and when, if they had been of full age, they would have been entitled to payment. If, therefore, there had been any severance of the joint tenancy, before the death of either of the legatees, the right of survivorship which is one of the characteristics of a joint tenancy, would have been extinguished. There was no such severance, however. There can be no doubt as to the general doctrine that on the death of one joint tenant, either before the decease of the testator, or after his decease and before a severance of the joint tenancy, his share will survive to the other joint tenants. ( *Wms. Ex'rs.*, 1045, 1047, 1253, 1262; *Roper on Legacies*, 1360; 2 *Jarman on Wills*, 157.) It is provided by the Revised Statutes, that " every estate granted or devised to two or more persons in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy," (1 *R. S., p.* 727, § 44), but this provision relates to real estate, and not to personal.

I must consider this legacy, therefore, as vesting in the donees as joint tenants, unless there be some tokens of a severance in the subsequent direction as to the payment. But it is observable, that the terms of the clause directing payment are joint in their effect, and not several; the share is to be paid to " *them,* when *they* come of age." (*Stewart*

vs. *Garnett*, 3 *Simon*, *R.*, 398.) If the bequest had been to these parties " when they attained twenty-one," so that there were no gift until that time should arrive, the case would have been similar to that of *Woodgate* vs. *Unwin*, (4 *Simon*, 129,) where it was decided that persons who are to take at different times, cannot take as joint tenants. This decision is at variance with the judgment of Lord Thurlow in *Stratton* vs. *Best*, (2 *Bro. C. C.*, 238;) but seems agreeable to the doctrine declared by Lord Coke (*C. Litt.*, 188, *a.*), that, where by a demise at common law, the property vests in the grantees at different times, they are not joint tenants. In the present case, however, there is an element of distinction, which renders it unnecessary to consider the rule in *Woodgate* vs. *Unwin* more critically. The will now under consideration vests the interest in one sixth of the estate, in the two legatees, as joint tenants on the testator's death, and there is nothing in the direction as to the time when payment shall be made, creating a severance. The time of the vesting and the time of payment are clearly distinct and separate. It is a plain case of a legacy accruing in right on the testator's death, but payable on majority. The joint tenants took when the will came into operation, and the nature of their estate was then ascertained; and since, according to that nature, there was a right of survivorship in case of death before a severance, I must hold that on the decease of one of these brothers, the survivor became entitled to the whole fund.