*396
 
 Paige, J.
 

 As a general rule, a will of personal estate speaks as of the time of the testator’s death. Where a bequest is to a class of individuals, in general terms, as “ to the children of A,” and no period is fixed for the distribution of the legacy, the time for distribution will be the death of the testator; and hence only children born or begotten prior to and
 
 in esse
 
 at that time will be entitled to share in the distribution. But where the distribution is, by the terms of the will, to be made at some time subsequent to the death of the testator, the gift will embrace not only all children living at the death of the testator, but also all those who shall subsequently come, into existence before the period of distribution; and if the bequest is a present bequest, the beneficiaries who are
 
 in esse
 
 at the death of the testator will take vested interests in the fund, but subject to open and let in after-born children, who shall come into being and belong to the class at the time appointed for the distribution. Where the period of distribution is postponed until the attainment of a given age by the children, the gift will apply only to those who are living at the death of the testator, and who shall have come into existence before the first child attains the age named, being the period when the fund is first distributable in respect to any one object or member of the class. Where the members of a class take vested interests in a legacy distributable at a period subsequent to the death of the testator, but subject to open and let in after-born children, they take their vested interests in their shares subject to the distribution of those shares, as the number of members of the class is increased by future births; and on the death of any of the children previous to the period for distribution, their shares will go to their respective representatives.
 
 (Collin
 
 v.
 
 Collin,
 
 1
 
 Barb. Ch. R.,
 
 636;
 
 Jenkins
 
 v.
 
 Freyer,
 
 4
 
 Paige, 53; Davidson
 
 v.
 
 Dallas,
 
 14
 
 Ves.,
 
 576;
 
 Hill
 
 V.
 
 Chapman,
 
 1
 
 id.,
 
 405; 2
 
 Jar. on Wills,
 
 76, 79, 408;
 
 Middleton
 
 v.
 
 Messenger, 5 Ves.,
 
 136 ;
 
 Clarke
 
 v.
 
 Clarke,
 
 8
 
 Sim,,
 
 59,
 
 *397
 

 Walker
 
 v.
 
 Shore,
 
 15
 
 Ves., 122; Whitbread
 
 v.
 
 Lord St. John,
 
 10
 
 Ves.,
 
 152.)
 

 The language of the will in this case plainly indicates an intention on the part of the testator to make a present bequest of the residue of his personal estate to the children of Jane A. B. Tucker and of Augustin B. Childs: one moiety in equal shares to the children of Mrs. Tucker, and the other moiety in like shares to the children of A. B. Childs, to be distributable among them as they respectively attained the age of twenty-one years. The testator bequeaths the residue of his personal property to his executors, in trust, to invest the avails in safe
 
 securities;
 
 and directs that one-half of the amount, principal and interest, shall be for the benefit of the children of Jane A. B. Tucker, and the other half, principal and interest, shall be for the benefit of the children of Augustin B. Childs; and he directs his executors to pay over to each of the children of Mrs. Tucker his or her proportion of the one-half of such principal, when he or she shall come of age; and he makes the like direction in relation to the children of A. B. Childs; and the testator also directs his executors (until the distribution) to apply one-half of the income for the benefit of the children of Mrs. Tucker, and the other half to the children of A. B. Childs. This is the ordinary case of an absolute gift of a legacy accompanied by a direction postponing the time of payment; as, for instance, that it be paid when the legatee attains the age of twenty-one. In all such cases, the time of payment is not of the substance of the gift, and does not postpone the vesting of the legacy. The legacy is due, though payable at a future time. Even where there is in terms no absolute gift of a legacy, as where it is given when the legatee shall attain or provided he does attain the age of twenty-one, but the testator directs the interest of the legacy to be applied in the meantime for the benefit of the legatee, as there is an absolute gift of the interest, the principal will be deemed to have vested.
 
 (Paterson
 
 v.
 
 Ellis,
 
 11
 
 Wend.,
 
 259, 268-271.)
 
 *398
 
 In this case there is not only an absolute gift of the legacy, but there is also an absolute gift of the interest which shall accrue upon it until the period for the payment of the principal shall arrive. The words used by the testator import not only a present bequest of the residue of his personal estate to the children of Mrs. Tucker and of A. B. Childs, one moiety to each class of children, but also a bequest of the moieties to the children of each family, in equal shares. The law presumes that a testator, when he bequeaths a fund generally to a class, intends that the mem bers of the class shall share equally in the fund bequeathed; and such is the legal meaning of such a bequest. As the children of Mrs. Tucker and of A. B. Childs took an immediately vested interest in their respective shares of the residue of the personal estate, there was no suspension of the power of alienation of such shares. The uncertainty of the quantity of the interest of the children
 
 in esse
 
 at the death of the testator, growing out of the possible diminution of-their shares by subsequent births,- could not have the effect of suspending the power of alienation. Whatever interest the children
 
 in esse
 
 at the death of the testator had in the fund, at any time prior to the majority of the child who first attained twenty-one, whether diminished in quantity by the augmentation of the members of the class or not, was susceptible of alienation by a next friend or guardian, acting under an order of‘ the court. Expectant estates are now alienable in the same manner as estates in possession. '(1
 
 R. S.,
 
 725, 4 35; 2
 
 R. S.,
 
 194, § 170,
 
 1st ed.)
 
 Besides, if the uncertainty of the quantity of the interest of the children
 
 in esse
 
 at the death of the testator could operate in suspending the power of alienation, the suspension could not exceed the continuance of more than one life in being at the creation of the estate, viz., that of either Mrs. Tucker or A. B. Childs, and therefore it could not invalidate the bequest. The child of Mrs. Tucker, born since the death of the testator, is entitled
 
 *399
 
 upon the principles hereinbefore stated to share in the distribution of the moiety bequeathed to her children.
 

 My opinion is that the bequest in question is a valid disposition of thé residue of the personal estate, and that therefore the judgment of the supreme court should be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.