TRAVER *et al.* *v.* SCHELL *et al.*

By will taking effect before the Revised Statutes, the testator left all his
estate, real and personal, to sons, subject to payment of debts and legacies,
and made a pecuniary legacy to his daughters, to be " paid by the sons to
them, or in case of the death of any of them, to the children of the
deceased within ten years after my decease without interest." One of
the daughters survived the testator, but died before the expiration of the
ten years, leaving children: *Held*, that the right to the legacy passed to the
personal representatives of the daughter, and not to her children.

The provision in regard to the time of payment is to be regarded as an
extension by the testator of the legal period, for the convenience of the
devisees, of the land and as not affecting the construction of the other
terms of the will.

The will fixing no other period to which the condition of the death of the
primary legatees can be referred, it requires the death of such legatee in
the lifetime of the testator.

APPEAL from the Supreme Court. Action commenced in
the late Court of Chancery by the plaintiffs, the children of

Sally Traver, a daughter and legatee of Hendrick Pells deceased, to recover the legacy to their mother. The testator made his will October 7th, 1820, by which, after providing for his widow he devised and bequeathed all the residue of his real estate to his two sons Jacob and Simon, subject to the payment of all his debts, and the legacies mentioned in the will. The defendants were persons who took the devised property with notice of the charge upon it, and had received rents and profits, &c., more than sufficient to satisfy the plaintiffs. The cause was heard before the Supreme Court in Equity upon pleadings and proofs at special term, and a decree made in favor of the plaintiffs, which upon appeal was reversed at general term in the second district, and the plaintiffs appealed to this court. All the material facts appear in the following opinion.

*John H. Reynolds,* for the appellants.

*Matthew Hale,* for the respondents.

JOHNSON, Ch. J. The bill in this cause was dismissed by the Supreme Court at general term, upon the ground that the plaintiffs had no title to the legacy which they claimed under the will of Hendrick Pells. He died in November, 1820, and his will bears date in October of that year. The fourth clause of the will, under which the plaintiffs claim, is as follows: "To each of my four daughters, to wit: Francisca, the wife of Jacob Lewis; Silah, the widow of Levi Van Auken, deceased; Sally, the wife of Samuel Traver; and Hannah, the wife of Lewis Pultz, I give and bequeath the sum of $500, to be paid by my said sons, Jacob and Simon, to them; or in case of the death of any of them, to the children of the deceased, within ten years after my decease, without interest thereon." Sally survived the testator and died within ten years after his decease, and for the present purpose it may be assumed that the legacy was not paid to her during her life. The question therefore is, whether at her death her children became entitled to receive the legacy at the expiration of the ten years, or whether that

right passed to her personal representatives. It is in the first place quite clear that the legacy has not lapsed by reason of the death of Sally Traver, before the period when the executors were absolutely required to pay it. For in the much stronger case in favor of a lapse, where the payment of the legacy is absolutely postponed to a definite period, the rule is well settled, that where the terms of the bequest import a gift, and also a direction to pay at a subsequent time, a legacy of personalty will not lapse on the death of the legatee before the time of payment arrives. And in regard to legacies charged on real estate, the rule is the same where it appears that the postponement is based upon the condition of the estate, and the convenience of the party who is to pay, and not upon the situation and circumstances of the legatee. (*Harris* v. *Fly*, 7 *Paige*, 421.) If this is the rule where the postponement is absolute to a definite period, much more should it apply to the case of a postponement not absolute but permissive merely, where the parties bound to pay are at liberty to do so from the moment of the testator's death. Upon no construction of this will, therefore, is there room to contend that by the death of Sally Traver a lapse has taken place.

In the next place, it is necessary to determine to what period the testator, refers, by the expression contained in the direction to pay "in case of the death of any of them." Whatever doubt exists on this question grows out of the provision which gives to the persons bound to make the payment two years before they can be compelled to make it. According to our law, in the absence of any special provision, the payment would not have been demandable until the expiration of a year, and this provision ought only to be regarded as an extension by the testator for the convenience of the devisees of his lands, of the legal period of payment. In that view it will not, and ought not to, affect the construction of the other terms employed in the will. This was I think decided in *Lucas* v. *Carline* (2 *Beav.*, 369). In that case the testatrix gave legacies, and directed them to be paid within six months after her decease, and declared that they should not become an interest

vested in the legatees until such time as the same should res-
pectively be payable. Notwithstanding this declaration the
representatives of a legatee who died within the six months
was held to be entitled; the master of the rolls taking the dis-
tinction between a permissive and an absolute postponement
of the time of payment, and holding that there was no con
dition that the legatee should live beyond the six months. If
this be 'the correct view of this part of the testator's language,
then the true construction of the will requires us to refer the
words of condition to the case of the death of the legatee in
the lifetime of the testator, as the will furnishes no other fixed
period to which those words relate. The case of *Slade* v.
*Milner* (4 *Madd.*, 144), is one among the many cases in which
this rule has been applied. There the bequest was of £2,000
stock to A., "and in case of her death, the said £2,000 stock
shall then be equally divided among her children." The legatee
being alive at the testator's death, was held to take absolutely.
This construction I think corresponds with the real intention
of the testator in this case; for upon the other construction,
while it could not be denied that the legacy might at any time
be paid to the daughter, Mrs. Traver, and that thus all possi-
bility of interest in the children would be effectually cut off, it
must be assumed that the testator meant also to leave it in the
power of his devisees charged with the payment of the legacy
to keep it uncertain during the whole ten years whether Mrs.
Traver was to take anything under her father's will. If that
was his intention, it should, I think, have been explicitly
stated. (*Law* v. *Thompson*, 4 *Russell*, 92; *Gaskell* v. *Harman*,
11 *Vesey*, 489.) The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.