MARY M. DRAKE, PLAINTIFF, v. SALLY A. LAWRENCE, DEFENDANT.

*Devise — when remainders are vested.*

A testatrix devised the income of certain real estate as follows : " Unto my daughter Mary Matilda Keese, widow, during her natural life, * * * and after her death I give the remainder of such third to her children and lawful heirs." At the death of the testatrix her daughter had three children, all of whom died before her, unmarried and intestate. By her will Mary M. Keese devised her interest in the property to the plaintiff.

*Held,* that on the death of testatrix the children of the daughter took vested remainders in the property, which, on their death intestate and unmarried, passed to the mother, and that her will vested the same in the plaintiff.

CONTROVERSY submitted upon admitted facts under section 1279 of the Code of Civil Procedure.

Sarah Drake died in 1843, seized and possessed of the premises described in the submission, and devised the income of one-third of her estate " unto my daughter Mary Matilda Keese, widow, during her natural life, and in case of her remarriage the same is to be paid to her upon her own receipt, without the control or interference of her husband, and after her death I give the remainder of such third to her children and lawful heirs." The plaintiff claimed the property under the will of the said Mary Keese, all of whose children died before her, intestate and unmarried.

This is a case agreed upon between the parties requiring a construction to be given to the will of Sarah Drake.

*M. H. Topping,* for the plaintiff.

*C. N. Black,* for the defendant.

DANIELS, J. :

The plaintiff claims title in this case to the undivided sixth part of certain property, known as Nos. 92 and 94 Catharine street, in the city of New York.

The property in dispute was originally owned by Sarah Drake, who made a will by which, upon her decease, she devised the

income of one-third of her estate to her daughter Mary Matilda Keese during her natural life. The will then declared that after her death, "I give the remainder of such third to her children and lawful heirs."

At the time of the decease of the testatrix, and when the life estate took effect, the life tenant had three children living, Horace, Hobart and Lawrence, who afterwards died during the lifetime of their mother, unmarried and intestate. Prior to her own decease she made a will, by which she devised all her interest in the property in question to Mary Drake, the plaintiff in this case. The plaintiff and the defendant were the surviving sisters of Mary Matilda Keese, the life tenant, and her heirs at law, who would inherit her interest in the property had it not been for the will made by her providing for its disposition. Her right to dispose of the property by her will depends upon the effect to be given to the devise made in favor of her children by the original owner and testatrix Sarah Drake.

If the will is to be so construed as to vest in them the remainder of the estate upon the decease of the testatrix, Sarah Drake, then it would seem to follow that the plaintiff in the case is entitled to the relief demanded by her. The rule of construction under the statutes of the State, for the purpose of determining whether a remainder under a devise shall become vested or not, has been made dependent upon the fact whether the person or persons, to whom it may be devised, would have the right to enter at once into its possession and enjoyment upon the decease of the life tenant. This is the effect as well as the terms of the provision made upon the subject by the statute, for it is declared that a future estate shall become vested when there is a person in being who would have an immediate right to the possession of the land upon the ceasing of the intermediate, or precedent estate. (3 R. S. [5th ed.], 11, § 13.) And this was clearly a devise of that description. The children mentioned in it were in existence when the will took effect. They were known and ascertained individuals, and if their mother had died while they were living, and after the will of her mother went into effect, those children would at once have entered into the enjoyment of the remainder in this property.

It has been claimed that by the addition of the terms " and lawful heirs," that it was intended, on the part of the testatrix, by the use made of them to provide for a further contingency arising out of the decease of the children during the lifetime of their mother. But this construction is not warranted by the terms made use of. They were not added for the purpose of meeting an apprehended contingency of this description, but simply as another designation of the persons who were to take the remainder in the property. The testatrix, through them, referred to the same persons who had been previously mentioned ; who were the children of her daughter, and those children she designated as her daughter's lawful heirs. If she designed to provide for the disposition which should be made of the remainder, in case the children died during the lifetime of their mother, other and more intelligible terms would have been used for the expression of that design. The will was intelligently drawn, and if the testatrix had contemplated a further direction, as to the disposition of the remainder of her estate, upon their decease she would have used some terms from which it could more clearly have been inferred, that she did intend to provide for the contingency of those children dying within the lifetime of their mother. No such terms were made use of by her in her will. But she gave the remainder absolutely to the children of Mary M. Keese, who were also designed to be designated by her as the lawful heirs of their mother. Those children, under the terms of the statute, as they have been construed by the case of *Moore* v. *Littell* (41 N. Y., 66), took a vested estate in the remainder existing after the decease of their mother, the life tenant. And this construction should be given to this clause of the will has been further sanctioned by the cases of *Vanderheyden* v. *Crandall* (2 Denio, 9, 22–25), and *Tucker* v. *Bishop* (16 N. Y., 402).

At the time of their decease they were the owners of this remainder, and the interest was one which was capable of passing by descent to their heirs. (*Wendell* v. *Crandall*, 1 Comst., 491.) As the remainder was given to these children in terms, it was not a devise which was limited to the heirs, or the heirs of the body, of the person to whom the life estate was given. For that reason it was not within the provision of the statute declaring the disposition which in that case should be made of it upon

the decease of the life tenant. (3 R. S. [5th ed.], 12, § 28.) But it was a fixed and vested estate in the children of the person to whom the life estate was given. (*Livingston* v. *Greene*, 52 N. Y., 118.) And after their decease, unmarried and intestate, the estate under the terms of the statute descended to their mother as their heir-at-law. (3 R. S. [5th ed.], 41, § 6.)

The point seems to be directly controlled by the case of *Livingston* v. *Greene* (*supra*), where a similar disposition of property was made to the children of the life tenant, one of whom died after the will took effect and within the lifetime of the life tenant, and it was held that the remainder became a vested estate capable of being inherited on the decease of the remainderman, and that a devise of it, by a will afterwards executed for that purpose by him, was a valid disposition of his interest in the property. It was the same, substantially, as that presented to this court for its determination in this case, and the disposition which should be made of it seems to be governed by this authority.

The result is, that Mary M. Keese, upon the death of her children, became the absolute owner of the remainder in this estate, and lawfully entitled to devise it as she did by will to the plaintiff in this case.

Judgment must accordingly be awarded upon the case presented in favor of the plaintiff for the recovery of the undivided sixth part of the property in dispute, together with the costs of the proceeding.

BRADY, P. J., and INGALLS, J., concurred.

Judgment ordered for plaintiff, with costs.