NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
June, 1880.

## MUMFORD v. ROCHESTER.

*In the matter of the estate of* GEORGE H. MUMFORD, *deceased.*

The testator by the fourth section of his will bequeathed all his residuary estate to his four children, share and share alike, each child to receive his or her share on attaining majority. The will then provided that, "during the minority of my children, the income of the property bequeathed to *them* by this fourth section of my will shall be applied to their use, nurture and education." Two of the children died during their minority. *Held,*

1. That each child was vested with its separate share of the estate immediately upon the testator's death. The will must be read as though the word "respectively" was inserted after the word "them," and a severance of the income was also effected.

2. That the term "income," when used in reference to the personalty, is equivalent to the word "interest," and when applied to the realty, it must be construed as giving a compensation for the withholding of the legacies until the majority of the legatees, and that upon the death of a legatee during minority his legal representatives become entitled to his legacy at once.

*It seems,* that whenever a legacy vests at the death of the testator, but is to be paid at a particular time, the death of the legatee prior to the period of payment entitles his representatives to the immediate payment of the legacy, wherever the rights of other parties do not intervene in respect to the income or use of the corpus of the legacy.

MOTION to require Roswell H. Rochester, as executor of and trustee under the last will and testament of decedent, to account and pay over to the petitioner, as administratrix of two deceased children of decedent, the legacies bequeathed to them.

Decedent died in July, 1875, leaving the petitioner, his widow (since re-married), and four children, viz.: Annie J., aged seven ; George D., aged four ; Muriel G.,

aged two, and Gurdon S. Mumford, aged one year, respectively.

His will provided as follows :

"Fourth. I give, devise and bequeath all the residue of my estate, real and personal, of whatsoever description, to my four children, to be divided among them equally, share and share alike. Each child shall receive his or her share on attaining his or her majority.

"During the minority of my children the income on the property bequeathed to them by this fourth section of my will shall be applied to their use, nurture and education."

Muriel G. Mumford died February 21, 1877, aged four years. Annie J. died March 18, 1877, aged nine years.

ALEXIS C. SMITH, *for the motion.*

G. H. GOULD, *opposed.*

THE SURROGATE.—If I understand the respective briefs of counsel, they concede that the legacies to the four children given by the fourth clause of the will, became vested legacies, on the death of the testator. *Roper on Legacies,* p. 553, says, that when a legacy is given to a person, to be paid or payable at or when he shall attain the age of twenty-one, or at a future definite period, the interest on the legacy shall be considered to be vested in the legatee immediately upon the testator's death, as *debitum in præsenti solvendum in futuro,* time being only annexed to the payment, and not to the gift of the legacy. To the same effect, see 2 *Redfield on the Law of Wills,* 215, § 16, subd. 2, &c.; also at pp. 233 and 249 ; see Tucker *v.* Bishop 16 *N. Y.,* 402 ; see Roome *v.* Phillips, 24 *N. Y.,* 460.

It is equally clear that the representative of the legatee, when only a portion of the interest of the legacy is given to the legatee in the meantime, must wait until the time limited for the payment of the legacy. (*Wms. on Ex'rs.*, 1394; *Daylon on Surr.*, 3 ed., 252; Chester *v.* Painter, 2 *Peere Wms.*, 236; Roden *v.* Smith, *Ambler*, 588.)

It is also clear that where legacies are made payable at twenty-one, if interest be given during minority, and the legatees die under age, their representatives will not be obliged to wait for the money until the legatees would have attained twenty-one. (*Roper on Legacies*, p. 871; see Roder *v.* Smith, above cited; Foreman *v.* Foreman, 3 *Alk.*, 645; Cricket *v.* Dolby, 3 *Vesey*, 13.)

Hence the determination of the question involved in this case depends wholly upon the construction of the fourth clause of the will.

Upon the theory that the legacy is payable immediately upon the death of the legatee before the time of payment arrives, where interest is payable in the meantime, I am of the opinion that the legacies became payable on the death of the legatees, to their legal representatives. For it is apparent that the use of the word "income" is equivalent to the word interest, and is used in that sense in respect to the personalty, and that, as to the realty, if any, the income is given as a compensation for the withholding of the legacies until the legatees should become of age. It is clear that the fourth clause gives to the four children each one-fourth share, and that the vesting of one-fourth to each was immediate on decedent's death, and that on the attainment of majority of either, he would be entitled to his one-fourth, without regard to

the age of the others.  The rational construction of the latter part of the provision relating to income, is that it provides for a severance of the income also ; and that the true significance of the provision is as though the word "respectively," was inserted after "them," and at the close of the clause ; otherwise the executor, after the payment of one-fourth of the residuum to one legatee, because of his majority, would still be required to pay the income thereof to those legatees still minors.

I am of the opinion, with profound deference to the learned authors and distinguished jurists who have attempted to give the reason why the legacy should be withholden until the legatee attains his majority, in the one case, and that it should be paid to the representative on his decease, in the other, that the reasons given do not sufficiently explain or justify the adjudications upon the subject.

It seems to me that wherever a legacy is held to have vested at the decease of the testator, and its payment is restricted to a particular time, the death of the legatee entitles his representative to the immediate payment of the legacy, wherever the rights of other parties do not intervene in respect to the interest, income, or use, of the corpus of the legacy, except, perhaps, in the single case of a residuary legacy ; as to which it is, of course, necessary that suitable time should be afforded to ascertain the amount and pay the same.

Ordered accordingly.