IN THE MATTER OF THE PROOF OF THE WILL OF ALBERT H. LAPHAM.

*Will — bequest subject to a trust — legatees presumed to take as tenants in common — when a trust does not unlawfully suspend the absolute ownership of money.*

A testator, by a will which contained a general residuary clause, gave and bequeathed to his aunt "Ellen S. Wilcoxen for the exclusive benefit of her four children the sum of $2,000, the interest and principal (if necessary) to be used for their education."

*Held*, that the title to the fund was vested in the four children, in equal shares, subject to the execution of the trust, which would terminate as to each share when the owner thereof was educated, or attained the age of twenty-one years. That there was no unlawful suspension of the absolute ownership of the fund.

APPEAL from a decree of the surrogate of Wayne county, admitting to probate the will of Albert H. Lapham, deceased.

On the 15th day of May, 1883, the testator made a will by which: First. He gave to his brother George H. Lapham $4,000. Then followed the following provision: "Second. I give and bequeath to my aunt Ellen S. Wilcoxen, for the exclusive benefit of her four children, the sum of two thousand dollars, the interest and principal (if necessary) to be used for their education."

And after giving some other specific legacies he gives ",all the rest, residue and remainder" of his estate to Maude Lapham, daughter of George H., "on her arriving at the age of twenty-one years, said sum to be properly invested and the use thereof used for her education," and nominated Charles B. Herendeen to be executor.

The probate of the will was contested by George P. Lapham, the appellant, the only heir and next of kin of the testator.

*H. R. Durfee*, for George P. Lapham, heir-at-law, etc., appellant.

*J. H. Camp*, for the executor, respondent.

*G. Wilcoxen*, for Ellen S. Wilcoxen, trustee and guardian *ad litem* for the infants.

BRADLEY, J.:

On the part of the contestant and appellant it is contended, first, that the will was not properly executed in that there was no publi-

cation of it by the testator; second, that the provision giving to Ellen S. Wilcoxen $2,000 for the exclusive benefit of her four children, etc., suspended the absolute ownership of the subject of the bequest for a longer period than during the continuance of two lives in being at the death of the testator, and was void. There is no question relating to his competency to make a will. He died the day following its execution. The contention that there was a failure of publication of the will is not supported. The two witnesses were present and saw him execute it. And at the time of his subscribing the instrument Dr. Hill, who was present assisting him, asked the testator if he wanted the two persons who subscribed as witnesses, naming them, " to sign as witnesses to your last will," and he answered " yes." And thereupon in his presence they subscribed their names as witnesses. The instrument he held in his hand. And the talk with and by him about their signing as witnesses, in which the words " last will " were so used, had reference to it as his will, and was sufficient to constitute both request for them to so subscribe and a publication of the instrument as his last will and testament. The important fact, and that which is requisite for that purpose, is that the testator understands that he subscribes the instrument as his will, and makes known to the witnesses that he intends it to take effect as such. And any communication made by him. to that effect is sufficient. The manner of doing it is not so important. It must come from him and may be communicated by word· or sign without the aid of inquiry or in response to it. The statute was clearly complied with in the respect in question. (*Lane* v. *Lane*, 95 N. Y., 494.)

The more difficult question is that of construction of the second clause of the will. If it be construed to vest the title to the $2,000 in Ellen S. Wilcoxen, as trustee, to remain there as an entirety until the purpose of the trust as to all of the children was executed, that is to say, until the period for the contemplated education of all of them terminated, it would operate as an unlawful suspension of the absolute ownership of the fund within the meaning of the statute, and render the bequest void. (1 R. S., 773, § 1.)

The testator evidently intended to dispose of all his property by his will, and to include in the residuary clause only what remained exclusive of that in the earlier provisions of it mentioned, and by

its terms disposed of. And it is apparent that he did not design in any event to include within the residuum the $2,000, or any part of it mentioned in the second clause. And, as a rule, effect will be given to the intention of a testator, if the provisions of his will are such as to permit it, without violation of law. This fund was given to Mrs. Wilcoxen for the *exclusive benefit* of her four children. The use, by her, of the principal of it is not permitted, except so far as it may be necessary by reason of the deficiency of the interest to pay the expenses of their education, and except so far as their right to the principal of the fund is limited it must be deemed to be theirs, because, assuming that there is a trust created by the bequest, it must be limited in time as well as purpose.

The contention on the part of the contestant, that the phrase "for the exclusive benefit of her four children" is but a limitation upon the right of Mrs. Wilcoxen, does not seem to be justified by the design of the testator. While it may properly be construed to have that effect, it also goes further and expresses the purpose that the children should have the benefit of it entirely. And in that view it must be deemed that the title vests in the four children subject to the execution of the trust, which exists and continues for no purpose other than to apply the interest and so much of the principal as may be necessary for their education.

It must also be assumed that the time will arrive when the permitted expenditure for their contemplated education will cease. And when such time is reached the execution of the trust will be accomplished, and the dominion of Mrs. Wilcoxen as trustee will then necessarily terminate; and the beneficiaries personally, or through their guardians (if then minors), will take the fund remaining. The clause in question is imperfect in terms. It expresses no direction to hand over to the children in any event, nor does it designate any definite time when that shall be done; but the direction and time to do so are fairly implied and regulated in point of time by the termination of the education in view, which time, if not before, may be deemed to expire when they shall arrive at the age of twenty-one years. The question arises whether the bequest to the children is such as to make them joint owners or tenants in common, because if it be the former the entire fund would, by its

terms, be holden by the trustee until the trust is fully executed, and the survivors of them would take if the bequest in that view were valid, while if they take as tenants in common the effect would be to vest in them in severalty. The provision contains no words of severance, nor does it of survivorship to denote joint tenancy.

The imperfection of the clause in respect to the final disposition of the fund, which it clearly indicates shall go the children, may be taken into consideration in aid of the purpose of the testator to make it effectual rather than to wholly defeat it. To treat it as a bequest to the children jointly, subject to the trust (assuming that the provision in terms creates a trust), might defeat the operation of the second clause of the will; and if construction requires it that must be the consequence.

This question of joint tenancy and tenancy in common, as applied to personal property coming by bequest to two or more persons, without anything appearing in the will to indicate survivorship or severalty, is perhaps not clearly settled in this State. In England in such case they would be deemed to take as joint tenants. (*Morley* v. *Bird*, 3 Ves., 628 ; *Crooke* v. *De Vandes*, 9 id., 197 ; *Bustard* v. *Saunders*, 7 Beav., 92.) If there are any words to indicate severance, or that the legatees are to take at different times, the rule there is otherwise. (*Woodgate* v. *Unwin*, 4 Simons, 129.)

The English doctrine was followed by the surrogate in *Putnam* v. *Putnam* (4 Bradf., 308), which was substantially disapproved in *Blanchard* v. *Blanchard* (4 Hun, 287, 289 ; affirmed, 70 N. Y., 615), and in *Lane* v. *Brown* (20 Hun, 382, 387). In the latter case the court say that the same rule in that respect is applicable in this State, as that applied to grant or devise of real property by the provisions of the 1st Revised Statutes, 727, § 44, and in support of that proposition cites *Manice* v. *Manice* (43 N. Y., 382), and other cases. And in *Everitt* v. *Everitt* (29 N. Y., 71), DENIO, J., referred to that statute in support of the proposition that bequests constitute the legatees tenants in common, and that they take distributively and not jointly, although in that case the question did not necessarily arise because the will contained words which might be treated as those of severance. But in this country the policy and tendency is favorable to severalty in the ownership and enjoy-

ment of property, both real and personal, and such effect will ordi-
narily be given to rights and interests in respect to it, unless a
purpose to vest or hold it jointly is fairly indicated or required by
·construction, or by business relation or association for such purposes,
while that in England, in view of its institutions, and especially its
proprietary system, is towards the consolidation and perpetuation of
property and estates in aid of the contrary presumption.

The conclusion, therefore, seems to be presented that the four
·children are vested, subject to the execution of the trust, with the
title to the fund as tenants in common, and being so their interests
may be deemed equal and held by them in severalty. And as a
·consequence each will be entitled to take his share when the period
arrives that the trust is executed as to him. In that view there is
no unlawful suspension of the absolute ownership of the fund.
(*Tucker* v. *Bishop*, 16 N. Y., 402; *Savage* v. *Burnham*, 17 id.,
561; *Everitt* v. *Everitt*, 29 id., 39; *Stevenson* v. *Lesley*, 70 id., 512,
modifying and affirming 9 Hun, 637; *Monarque* v. *Monarque*, 80
N. Y., 320, 324.) It follows that the second clause of the will is
valid and that the decree should be affirmed, with costs.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Decree of surrogate affirmed, with costs.