1. WILLS—LEGACY—TENANTS IN COMMON.
   A bequest to two or more persons named, without further qualifications, constitutes them as tenants in common, and not joint tenants.

2. SAME—COSTS OF CONTEST.
   The next of kin of testator, successful in contesting the construction of the will, is entitled to costs, though not successful in contesting the probate.

Proceeding for the probate of the will of Gesche Catharine Munter, deceased.

Thomas J. Farrell, for proponent.
Burr & De Lacy, for contestants.

ABBOTT, S. I am of the opinion that the legatees named in the last will and testament of Gesche Catharine Munter, deceased, took several, and not joint, interests in her estate, and, accordingly, that as to one-half of her residuary estate she died intestate. The rule that a legacy to two or more persons named, without further qualifications, constitutes a legacy to them as tenants in common, and not as joint tenants, is now well settled in this state; and upon this question the early cases of Putnam v. Putnam, 4 Bradf. Sur. 308, and Gardner v. Printup, 2 Barb. 83, must be regarded as overruled, as well as the early English rule holding a contrary doctrine. The other cases cited by the proponent's counsel clearly recognize the settled doctrine of this state.

In Page v. Gilbert, 32 Hun, 301, it is expressly conceded that unless a different intention of the testator, in the case then under consideration, had been expressed in other parts of the will than that which made a bequest to the two legatees by name, the legacy would have been construed as one to them as tenants in common. and not as joint tenants. Referring to the case of Hoppock v. Tucker, 59 N. Y. 202, Smith, P. J., writes, at page 303:

"And while conceding that the clause which he had under consideration, as it was written, with its double description, free from the influence or control

of other portions of the will, would, according to the adjudged cases, be construed as a personal legacy to each child, he nevertheless concluded, in view of other provisions of the will, that the bequest was to the children as a class, and so it was adjudged by the whole court."

In Hoppock v. Tucker, 59 N. Y. 202, at page 208, Church, J., writes:

"The description by name is a perfect bequest to them as individuals, while the other description as children of the deceased daughter, standing by itself, is a perfect bequest to them as a class. It must be conceded that the clause as it is written, with its double description, free from the influence or control of other portions of the will, would, according to the adjudicated cases, be construed as a personal legacy to each child. Ashling v. Knowles, 3 Drew. 593; Viner v. Francis, 2 Cox, Ch. 190; Denn v. Gaskin, Cowp. 657; Bain v. Lescher, 11 Sim. 397."

See, also, In re Lapham, 37 Hun, 15, at page 18, and cases cited.

I am also of the opinion that the next of kin of testator are entitled to one bill of costs in the proceeding, not as successful contestants of the probate of the will, but as successful contestants upon its construction. With reference to my power to allow these costs, they are in the same position as though they had not filed objections to the probate of the will, but had simply put in issue its construction.

Decreed accordingly.