LEON B. STROUT *vs.* MILDRED STROUT, et als.

Cumberland.    Opinion September 11, 1918.

*Rule of perpetuities.   General rule as to its application to the time of the vesting of*
*an estate rather than the termination thereof.    Rule where the gift is absolute*
*but payment of same deferred or postponed.    Rule where a fund is given*
*to a class as to each sharing equally.    Meaning of word "descendants"*
*when used in a will.    Rule as to allowing counsel fees and expenses*
*in cases relating to construction of wills.*

The will of Viola Phipps, late of Brunswick, contains the following residuary clause:

"I give and bequeath to Mildred Strout to hold in trust all the rest and residue of my personal property, and I wish it to be distributed to the children of Leon B. Strout and herself or their descendants at such times as she sees fit for their best benefit."

At the death of the testatrix three children of Leon B. Strout and Mildred Strout were living.

Upon consideration of the entire will, it is held:   that the testatrix intended that the three children should share equally in the legacy so bequeathed; that the shares of the children were fixed beyond the power of the trustee to change; that the time of payment only was postponed; that the trustee took the legal estate; that the three children took the beneficial or equitable estate; that no other interests were bequeathed; that all interests, legal or equitable, vested at the death of the testatrix; and that the residuary clause does not violate the rule against perpetuities.

The words "or their descendants" when used in a will are construed to include only lineal heirs in the direct descending line; by the use of these words, the testatrix intended to provide, independently of the statute, R. S., Chap. 79, Sec. 10, that if a child died in her lifetime leaving lineal descendants, such descendants should take the share of the deceased parent.

The plaintiff, having instituted this action to wrest the trust estate from the possession of the trustee and to divert the fund to his personal benefit, is not entitled to have his expenses, costs and counsel fees paid from the trust fund.

Bill in equity asking for the construction of certain provisions of a will.   Cause was heard upon bill, answers and replication.   By agreement of parties case was reported to Law Court.   Judgment in accordance with opinion.

Case stated in opinion.
*Woodman & Whitehouse,* for complainant.
*Clarence E. Sawyer,* Exr., pro se.
*W. R. & E. S. Anthoine, and Paul E. Donahue,* for respondents.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

MORRILL, J.    Viola Phipps, late of Brunswick, died on the eighteenth day of February, 1913, leaving a will, which has been duly proved and allowed. The residuary clause of that will is as follows:

"I give and bequeath to Mildred Strout to hold in trust all the rest and residue of my personal property, and I wish it to be distributed to the children of Leon B. Strout and herself or their descendants at such times as she sees fit for their best benefit."

On October 28, 1914, prior to the commencement of the present action, the executor of this will filed a bill asking for instructions and for the construction of certain portions of said will; to that bill the present plaintiff was a party; a Justice of this court entered a decree that one of the preceding clauses of said will was invalid as contrary to the rule against perpetuities and directed the executor, after paying certain legacies, to pay and deliver the remainder of the property mentioned in the clause so held to be invalid, to the residuary legatee. Acting under this decree Mr. Sawyer, the executor, paid and delivered to Mildred Strout, who had qualified as trustee, cash and securities to the amount of $14718; the executor has about $700 in his hands for further distribution.

The plaintiff, who is the father of the three beneficiaries named in the residuary clause, and the next of kin and sole heir of the testatrix, now claims that the residuary clause is void and contrary to the rule against perpetuities, and that Mildred Strout, the mother of his children, shall account to him for the fund held by her. In other words, he now endeavors to deprive his children of the benefit of a fund which the testatrix entrusted to their mother, and not to him, "for their best benefit."

Without expressing any opinion as to whether this contention is now open to the plaintiff after the decree in the former suit to which he was a party, we proceed to examine his claim which his counsel

states as follows: "The sole question for construction and determination by the court is whether said residuary clause contained in the fourteenth paragraph of the will is void as violating the rule against perpetuities."

It should be borne in mind that the rule against perpetuities is not, like a rule of construction, a test more or less artificial, to determine intention. Its object is to defeat intention. Therefore every provision in a will is to be construed as if the rule did not exist, and then to the provision so construed the rule is to be applied. Gray on Perpetuities, page 378. In so construing the provision in question the intention of the testatrix is to be gathered from the entire will and not from the residuary clause standing alone.

The rule concerns itself only with the vesting, the commencement of estates, and not at all with the termination. It makes no difference when such a vested estate or interest limited terminates. *Pulitzer* v. *Livingston,* 89 Maine, 359, 365, 372.

Moreover, when the gift of a legacy is absolute, and the time of payment only is postponed, the time not being of the substance of the gift is held to postpone the payment, but not the vesting of the legacy. *Kimball* v. *Crocker,* 53 Maine, 263, 271. And the discretionary power in the trustee as to time of payment does not prevent the vesting of the legacy. *Nares' Executors* v. *Van Shaick,* 20 Wend., 565; *Kimball* v. *Crocker,* supra.

The will in this case is, in some respects, inartificially drawn; the scrivener evidently did not have in mind the rule against perpetuities, nor the distinction between vested and contingent interests; he appears not to have realized, or to have disregarded the care which should be observed in the creation of trust estates; nor does he appear to have considered the various changes which might arise after the death of the testatrix.

Yet carefully considering the entire will we think that it is not difficult to ascertain the intention of the testatrix. At her death three children of Leon B. Strout and Mildred Strout were living, Marjorie, Marian and Roger. In the preceding paragraphs of the will, wherever provision is made for them, the testatrix makes it clear that there is to be no discrimination between them; they are to "share and share alike," or to "share equally."

Referring to the residuary clause we see no reason to doubt that the children were to share equally in the legacy thereby bequeathed.

The law presumes that a testator, when he bequeaths a fund generally to a class, intends that the members of the class shall share equally in the fund bequeathed; and such is the legal meaning of such a bequest. *Tucker* v. *Bishop,* 16 N. Y., 402, 406. Mildred Strout has no power over the legacy except to fix a proper and discreet time for payment, "as she sees fit, for their best benefit." The will does not say that the legacy is to be distributed "at such times *and in such sums and proportions* as she sees fit," but only "at such times;" the time of payment only was postponed; the shares of the children were fixed beyond the power of the trustee to alter. Counsel for the plaintiff in attempting to distinguish this case from the case of *Haley* v. *Palmer,* 107 Maine, 311, and the prior case of *Holcomb* v. *Palmer,* 106 Maine, 17, says; "But the Trustee here is given power to distribute to the children, if she sees fit and not to the descendants, or if she prefers, all to the descendants and none to the children, or part to some of the children and none to the others, or a part to some of the descendants and none to the rest;" and upon this construction he bases his argument that "it is inconceivable under these circumstances how any interest in a residuum can be said to have vested in any definite beneficiary." We cannot accede to this construction, and our construction of the residuary clause distinguishes this case from *Whelan, Trustee,* v. *Reilly,* 5 W. Va., 356, cited in support of counsel's position.

Applying then the rules and principles hereinbefore referred to, and having in mind the familiar principle that a legacy or devise should be considered as giving a vested rather than a contingent interest, (*Kimball* v. *Crocker,* 53 Maine, 263, 267), we think that the residuary clause of the will of Viola Phipps does not violate the rule against perpetuities. The words, "I wish" are equivalent to a command; they are mandatory. *Clifford* v. *Stewart,* 95 Maine, 38, 46. The trustee took the legal estate; the three children Marjorie, Marian and Roger, took the beneficial or equitable estate; no other interests were bequeathed; all interests legal and equitable vested at the death of the testatrix. The bequest is present and absolute; the time of payment only is postponed.

In *Manice* v. *Manice,* 43 N. Y., 303, on page 369, it is said, "Where the terms of a bequest import a gift and also a direction to pay at a subsequent time, the legacy vests and will not lapse by the death of the legatee before the time of payment has expired; but will pass

to his personal representatives." The words "or their descendants," when used in a will are construed to include only lineal heirs in the direct descending line; *Baker* v. *Baker*, 8 Gray, 101, 119. So under the statute, R. S., Chap. 79, Sec. 10; *Morse* v. *Hayden*, 82 Maine, 227. In harmony with the idea of an equal division among the children, which we adopt, we think that the testatrix intended by the use of these words to provide, independently of the statute, R. S., Chap. 79, Sec. 10, that if a child died in her lifetime leaving lineal descendants, such descendants should take the share of the deceased parent. Perhaps she was not advised of the existence of the statute. The construction that by the use of these words the testatrix intended that the share of one of the children dying after her death and before distribution, would pass to such deceased child's lineal descendants, cannot be adopted. It is inconsistent with the view that the children of Leon B. Strout and Mildred Strout, living at the death of the testatrix take absolutely. Since the will fixes no other period to which the fact of the death of any child can be referred, the death of such child must occur in the lifetime of the testatrix. *Traver, et al.,* v. *Schell, et al.,* 20 N. Y., 89; *Tucker* v. *Bishop,* 16 N. Y., 402, 404.

A provision very similar to the provision in the case before us was sustained in *Morton* v. *Southgate,* 28 Maine, 41. The case of *Rogers* v. *Rogers,* 11 R. I., 38, 72, et seq., is also very instructive. The bill must be dismissed.

In the agreed statement which is made part of the case, the parties request and agree "that the reasonable expenses, costs and counsel fees of the parties both plaintiff and defendant in the cause be allowed and ordered by the court to be paid out of the fund now in the custody of the Clerk of this Court, and for that purpose the parties by their attorneys shall file their bills for such expenses, costs and counsel fees with the Clerk of this Court, to be passed upon by the single justice reporting the cause, after mandate by the Law Court, and incorporated in the final decree rendered in said cause, pursuant to mandate." The fund in the custody of the Clerk referred to in above agreement consists of the securities which have been turned over to the trustee, Mildred Strout, by the executor of the will pursuant to a decree entered upon the earlier bill in equity filed by the executor and mentioned in the early part of this opinion; the securities were so deposited to abide the final decree and order in this cause.

We think that the plaintiff is not entitled to have his expenses, costs and counsel fees paid him from the trust fund. This is not the ordinary case of a bill in equity for the construction of a will; such a bill had already· been filed by the executor and . proceeded to final decree; nor is it a bill for the protection and preservation of the trust fund, in the interest of all the beneficiaries. This litigation instituted by the plaintiff, is of a highly adversary character; it has for its object to wrest the trust estate from the possession of the trustee, to deprive the children of the plaintiff of all benefit of the fund, and to divert the fund to the personal benefit of the plaintiff. In such a case the defeated party must bear the expense which he has incurred in his own interest alone. The trust estate is chargeable only with that expense which is incurred in the interest of all the cestuis que trustent. *Somerset Railway* v. *Pierce,* 98 Maine, 528. The judgment must be:

> *Bill dismissed. The securities of the trust, deposited with the Clerk of Courts, are to be restored .to the Trustee. The reasonable expenses and counsel fees of the Trustee, Mildred Strout, incurred in the protection of the trust may be allowed and paid from the fund. The Executor may be allowed his reasonable expenses and for his services in this cause, the same to be retained from the funds in his hands.*