GRAHAM S. WILBUR, ET AL.

vs.

THE PORTLAND TRUST CO., TRUSTEES

Superior Court      Middlesex County      File #6705

Present:   Hon. ERNEST A. INGLIS, Judge.

John A. Markham,                Attorney for the Plaintiffs.

David A. Carlson;
Thomas E. Flood,               Attorneys for the Defendant.

**MEMORANDUM FILED APRIL 22, 1936.**

INGLIS, J. The will of Joseph L. B. Covell which was admitted to probate in the Probate Court for the District of Portland on December 23, 1930 contained the following bequest:

"First: I give, devise and bequeath to the Portland Trust Company, the sum of $18,000. in trust, however, for the following purposes:—To invest and reinvest and to pay over the income and as much of the principal as they may deem necessary, it to be the sole judge, to Warren Lodge, F. A. & A. M. of Portland, Connecticut, in recognition of the honor bestowed upon me as Master."

The Portland Trust Company acted as the executor of said will and on August 3, 1931 its final account was approved. That account showed a payment to itself as trustee under said first paragraph of the will of the sum of $17,036.49, the amount of the bequest less inheritance tax. On the strength of the allowance of that account and without any order of distribution the Portland Trust Company set up said sum as the corpus of the trust. Since that time the trustee has paid over to the Lodge the income of the fund as it accrued but has not as yet paid over any of the principal.

The plaintiffs in this action are the heirs at law of Joseph L. B. Covell. The will contained only certain pecuniary legacies with no attempt to dispose of any residuary estate. The plaintiffs now ask for a declaratory judgment declaring said first paragraph of the will of Joseph L. B. Covell null and void and that said fund be declared intestate estate and other relief. The gist of the claims of the plaintiffs is that the bequest made in that paragraph of the will violates the rule against perpetuities.

In applying the rule against perpetuities the question is as to whether an estate vests within the period prescribed by the rule. If the estate created by any bequest does vest within the period then the bequest is good even though the enjoyment of the possession may be postponed to a time beyond the period.

**Gray, Perpetuities (3rd Ed.) page 176, Sec. 205.**

Accordingly, it has been held that where a gift has been

made to a trustee to hold for the benefit of a class and to distribute to the members of the class at some date in the future which might be beyond the lawful period, such a gift vests in the class at once and does not violate the rule against perpetuities even though the members of the class who will ultimately take might not be the same as those who make up the class at the time of vesting.

Tarrant, Trustee vs. Backus, 63 Conn. 277.

Belfield vs. Booth, 63 Conn. 299, 308.

Conn. Trust & Safe Deposit Co. vs. Hollister, 74 Conn. 228.

Generally speaking the rule is that if the equitable estate in fee vests within the period the rule against perpetuities is not violated even though the postponement of the enjoyment of the legal estate does go beyond the period.

Conn. Trust & Safe Deposit Co. vs. Hollister, supra.

Shoemaker vs. Newman, 65 Fed. 2nd 208; 89 A.L.R. 1034 (and note).

So when a gift is made to a trustee to hold and pay over to a named or designated beneficiary at the trustee's discretion without any other condition precedent such a gift does not violate the rule or statute against perpetuities because there the gift is absolute and it is only the time of payment which is postponed beyond the period. Since time is not of the substance of the gift the vesting of the legacy is not postponed so as to make it violative of the rule or statute.

Shoemaker vs. Newman, supra.

Flanner vs. Fellows, 206 Ill. 136; 68 N.E. 1057.

Strout vs. Strout, 117 Me. 357, 104 Atl. 577.

Melvin vs. Hoffman, 290 Mo. 464; 235 S.W. 107.

In the present case we have a bequest to a trustee for the benefit of a voluntary or unincorporated association. Such an association, as such, may be the beneficiary of a trust.

Restatement of the Law of Trusts, Vol. 1, page 297, Sec. 119.

The unincorporated association is, for practical purposes, closely analagous to a class. It certainly is as capable of re-

ceiving a vested estate as is a class.

It is to be noted that the only condition to the Lodge getting the full enjoyment of the property bequeathed is the exercise of the trustee's discretion as to when it is to pay over the corpus of the trust. No other person is given any interest in the sum bequeathed. There is no limitation over to any person other than Warren Lodge. It is clear, therefore, that the testator intended that sooner or later Warren Lodge should have the full enjoyment of both income and principal of the fund. The only thing which stands in the way of the Lodge receiving immediate possession of the entire fund is that the trustee must first exercise its discretion to pay it over. The Lodge therefore has at the present time the entire beneficial interest in the fund. The equitable estate in fee is now in the Lodge. The legal estate must come to it at some time and will come at such time as the trustee in its discretion thinks wise.

The case, therefore, is controlled by the authorities cited above. The Lodge like a class is capable of receiving a vested estate. The bequest gives to the Lodge, without any condition precedent, the full beneficial interest in the fund bequeathed. The actual possession of the fund must come to the Lodge at some time and the only thing which might withhold that possession from the Lodge beyond the period prescribed in the rule against perpetuities is the failure of the trustee to exercise its discretion to pay over within that period.

It follows that the bequest should be construed as having given to the Lodge a vested estate with only the right of enjoyment postponed until the trustee exercises its discretion. The bequest, therefore, does not violate the rule against perpetuities.

The exact situation involved here is covered by the **Restatement of the Law of Trusts, Vol. 1, page 297, Sec. 119 (c).** After laying down the law that an unincorporated association may be the beneficiary of a trust and that such trust may be one which violates the rule against perpetuities the Restatement goes on to say:

"The mere fact, however, that it (the trust) may continue for a longer time (than the period of the rule against perpetuities) does not invalidate the trust provided that the trustee or the members at any one time or

some other person or persons may terminate the trust within the period."

This statement seems to confirm the conclusion arrived at on the various cases already discussed. If the trustee of a trust for the benefit of a voluntary association may in its discretion terminate the trust before the running of the period of the rule against perpetuities and if there is no other condition precedent to the vesting of the trust fund in the beneficiary it follows that the estate in the fund is vested in the association and that the only thing which is postponed is the enjoyment of the possession. Such a situation is not violative of the rule against perpetuities.

It therefore is concluded that the bequest involved in this case does not violate the rule against perpetuities but is valid.

That being the conclusion arrived at, it is not necessary to pass upon the contention made by the defendants that Warren Lodge is a charity, that the bequest is a charitable bequest and for that reason is outside of the rule against perpetuities. Both parties, however, have introduced so much evidence and directed so much of their arguments to this point of the case that they are entitled to know the conclusions arrived at if they should become of importance in a later stage of the case.

The question of course is as to whether Warren Lodge is a charity as that term is used in the **Statute of Charitable Uses (Sec. 5000, Gen. Statutes, Rev. 1930).** The plaintiffs depend quite largely upon the case of **Masonic Building Assn. vs. Stamford, 119 Conn. 53.** That case, however, involved the question as to whether a Masonic Lodge was exempt from taxation. Although it is somewhat persuasive on the present question, it is not controlling. An organization may well be a charity within the Statute of Charitable uses and still not be one for exclusively charitable purposes as required by the statute relating to exemption from taxation.

Restatement of Laws of Trusts, Vol. II, page 1093.

A charitable trust is defined by the **Restatement of the Law of Trusts, Vol. II, page 1141, Sec. 369 (b)** as follows:

"A purpose is charitable if its accomplishment is of such social interest to the community as to justify permitting the property to be devoted to the purpose in perpetuity."

No case has been cited which holds that a Masonic lodge is a charity. There are any number of cases which hold that a trust given to a Masonic Lodge to be administered for the benefit of indigent members of the order is a charitable trust, but that is quite a different matter.

Warren Lodge is a lodge of free masons subordinate to the Grand Lodge of Ancient Free and Accepted Masons of Connecticut, and is controlled by the Masonic law of that grand lodge. There is no question but that the Grand Lodge administers a considerable amount of charity. Warren Lodge administers a relatively small amount of charity directly and about sixty percent of its income goes to the Grand Lodge and eight-ninths of that to charity.

It appears, however, that the main purpose of the local lodge is to practice masonry. This practice of masonry consists in the first place of conducting meetings in ritualistic form, and in the second place of maintaining a fraternity of men who will mutually be helpful. Through the ritual and teachings of masonry the aim is to advance the moral and social instincts of its members, to foster good citizenship, honest industry and upright living among its members to teach and inculcate the practice of charity by and among the members to stimulate friendship among its members and "generally to promote in its own way the happiness of mankind."

The lodge is not a religious organization in the sense that it conducts religious services but the practice of masonry is calculated to make the members religious. It is not an educational institution in the sense that it conducts systematic education but the practice of masonry does educate the members to a more idealistic plane of living. In the same way it is not a charitable organization in the sense that it exists for the purpose of aiding poor indigent or unfortunate persons but the practice of masonry does instill into its members the duty of relieving suffering. In conformity with the teachings of masonry concerning charity the lodge as a body devotes a considerable amount of its income as stated above to the relief of indigent and unfortunate masons and their widows and orphans but does practically nothing for any one who is not in that category.

Whatever it does by way of charity for masons and their widows and orphans, therefore, is purely incidental to the

main purpose of the lodge which is the practice of masonry. The ultimate purpose of the order and of this particular lodge is not to do charity. It is rather to broaden and strengthen the manhood of its members. The administering of charity is one of the means adopted to accomplish that end.

The mere fact that the objects of the charity administered by the lodge are almost exclusively masons and their widows and orphans would not necessarily mean that the charity was private rather than public and therefore take it out of the Statute of Charitable Uses. The number of the recipients of such charity is probably large enough so that it is not a private charity. But the fact remains that any organization which is going to be classed as a charitable organization under the statute must have the administration of charity as at least one of its ultimate purposes. It is not sufficient that some charity is administered by it if that is simply incidental to the main purpose of advancing and improving the character of its own members.

It is clear that Warren Lodge and the order of which it is a part administered charity simply as incidental to the accomplishment of its ultimate purpose of developing the character of its members and it is therefore concluded that it is not such a charity that a bequest, such as the one here involved, for the general purposes of the lodge is one which is exempt from the application of the rule against perpetuities

As regards the first special defense, it is clear that the three year statute of limitations does not apply to the cause of action stated in the complaint nor have the plaintiffs been guilty of laches in the bringing of the action. Neither does it militate against the maintenance of this action that no appeal was taken from the admission of the will nor from the distribution of the estate as alleged in the second special defense.

The allegations of the third special defense have been taken into consideration and given the full weight to which they are entitled in deciding the issues on the complaint.

It appears as alleged in the fourth special defense that on or about September 1st, 1931, each of the plaintiffs upon the payment to him of his distributive share of the estate gave to the Portland Trust Company as executor a receipt "as full and final share in distribution of Est. J. L. B. Covell" or "as payment of full and final share in Est. J. L. B. Covell."

These were in substance receipts in full and estopped the plaintiffs from thereafter claiming any additional sums as a part of their distributive shares of this estate.

**Aborn vs. Rathbone, 54 Conn. 444.**

**Hurd vs. Blackman, 19 Conn. 177.**

There is no allegation nor claim in evidence that these receipts were given under mistake nor obtained by fraud. They therefore operate to bar any cause of action which the plaintiffs might otherwise have had for additional amounts as part of their distributive shares of the Covell estate. Inasmuch as their ultimate purpose in this case is to acquire additional distributive shares from that estate the cause of action purported to be stated in the complaint is barred by those receipts in full.

Judgment may enter declaring that the bequest contained in the first paragraph of the will of Joseph L. B. Covell is valid and that the plaintiffs are not entitled to any part of said trust estate and that the defendants recover of the plaintiffs their taxable costs.