[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action seeking to recover damages for personal injuries sustained when she tripped while stepping into an elevator. The intervening plaintiff filed a complaint as the employer of the plaintiff seeking apportionment of any damages recovered by the plaintiff so as to be reimbursed for the amounts which it had paid and may become obligated to pay under the Worker's Compensation Act.
The defendant has filed a special defense to the intervening complaint asserting that the plaintiff's injuries were caused by her own negligence. The intervening plaintiff has now moved to strike the special defense on the grounds that it does not constitute an appropriate defense to the statutorily based claim of apportionment of damages.
General Statutes 31-293 provides for the right of an employer to join as a party plaintiff and provides that any damages recovered "shall be so apportioned that the claim of the employer. . . shall take precedence over that of the injured employee in the proceeds of such recovery."
The complaint filed by the intervening plaintiff seeks only apportionment of damages recovered by the plaintiff and a defense comparative negligence would not be appropriate. See such cases as Finold v. Cheshire Racket and Swim Club, 4 CSCR 11 (Jan. 2, 1989); Anthony v. Carr. 4 CSCR 508 (April 19, 1989).
Accordingly, the motion to strike is granted.
Rush, J. CT Page 9483