Van Pelt agt. Van Pelt.

---

# SUPREME COURT.

### ANDREW VAN PELT, Appellant agt. MARTHA VAN PELT, Respondent.

On an appeal from the decree of a surrogate, admitting or rejecting a will to probate, the supreme court have no inherent power to award *costs*, but must follow the directions of the statute in reference thereto.

Therefore, on appeal from a decision of the surrogate admitting a will to probate, followed by a reversal upon a question of fact, remitting the question at issue to a jury for a new trial, is but a single stage of the proceedings in the cause, and the court cannot *absolutely* award costs to the appellant, upon such reversal. The costs of the appellant in such case must depend upon the final determination of the question in controversy.

And where the appellant succeeds in reversing the decree of the surrogate upon a question of fact, but fails on a new trial to impeach the validity or execution of the will, he has no right to costs, but should pay costs to the respondent.

And where on appeal, the decision of the surrogate is affirmed, and where it is reversed upon a question of law, then the court shall award costs to be paid by the party failing, or out of the estate of the deceased, as the court shall direct. (2 *R. S.* 4th ed. §§ 19 and 20.)

*Second District, General Term,* 1858.

W. WATSON, *for the appellant.*
L. C. CLARK, *for the respondent.*

Van Pelt agt. Van Pelt.

By the court—Brown, Justice. This was an appeal from the decree of the surrogate of the county of Richmond, establishing the will of Jacob Van Pelt, and admitting the same to probate. This court at the last February term, reversed the decree and awarded an issue to the circuit court of that county, to try the question of the validity and due execution of the proposed will. Mr. Justice Davies delivered the written opinion, which contained the direction that costs should be allowed to the appellant, to be paid out of the estate of the deceased in the event that he ultimately succeeded. The counsel for the appellant alleges, that Mr. Justice Strong directed that the order should direct the recovery of costs by the appellant, out of the estate of the deceased absolutely, which was entered accordingly in the absence of and without the knowledge of the counsel for the respondent. Afterwards the issue awarded was duly tried at the circuit court, when the jury found against the appellant and in favor of the due execution and the validity of the will. The appellant now moves for leave to issue execution to collect from the estate of the deceased, the costs awarded to him by the order of reversal. And the counsel for the respondent also moves to amend and modify the order, so that it shall conform to the opinion of Mr. Justice Davies.

No laches can be imputed to the respondent in omitting to move to amend the order earlier. It was entered in her absence and without her knowledge. Notice of the motion was given for the May term. The cause was put on the non-enumerated calendar and not reached. There is no lack of diligence, for the motion was made and heard at the first opportunity.

The authority to award costs in a case of this kind, must be found in the statute, or it does not exist. The court has no inherent power to make such an award, but must follow the direction which the legislature have chosen to prescribe. An appeal from the decree of a surrogate, admitting a will to probate, followed by a reversal upon a question of fact, is but a single stage in the course of the proceedings. It remits the questions at issue to another tribunal for a new trial, when they

Van Pelt agt. Van Pelt.

will may be ultimately established or rejected according to the truth and the merits of the case. It would not, therefore, be in accordance with the usual course to award costs short of the final determination of the question in controversy. Section 71 of the act containing the general provisions applicable to wills of real and personal property, (2 *Rev. Stat.* 252, *4th edition,*) directs that if the reversal of the surrogate's decree be founded upon a question of fact, the court shall order a feigned issue to be made up to try the questions arising upon the application to prove the will, and shall direct the same to be tried at the next circuit court, to be held in the county where the surrogate's decision was made. There is no provision whatever for costs at this stage of the proceedings. Of course none are given. Section 72 directs the manner in which the issues are to be tried. Sections 73 and 74 declare the effects and consequences of the determination upon the issues, whatever they may be, and the surrogate's duty thereupon. Section 75 declares that the costs and expenses of making up an issue and of the trial thereof, and all subsequent costs thereon, shall be paid by the party appealing, in case of his failure to impeach the validity or execution of the will. Such costs and expenses may be collected in a suit upon the bond, directed by the act to be given, which shall be prosecuted for that purpose whenever directed by the surrogate. Here it will be observed, there is no reference to the costs of the appeal to this court, but the costs given are those of making up the issue and of the trial thereof, and of all subsequent costs thereon. Section 76 provides for costs in cases where the appellant succeeds. In that event, the party who maintains the validity or the execution of the will may be required by the surrogate to pay the costs and expenses of the proceedings, either personally or out of the property of the deceased, and such payment may be enforced by attachment. Had the appellant succeeded finally, that is upon the question of the validity or due execution of the will, he would have been entitled to costs, as well those of the appeal to this court, as also of the trial and subsequent proceedings. He did succeed in reversing the decree of the

surrogate, but failed to impeach the validity or execution of the will, and therefore has no right to costs, but should pay costs to the respondent.

Thus far I have spoken only of those cases of appeal where the surrogate's decision is reversed upon a question of fact. Where the decision is affirmed and where it is reversed upon a question of law, then this court shall award costs to be paid by the party failing or out of the estate of the deceased, as the court shall direct. This is by virtue of another statute, (2 *Rev. Statutes, 4th edition*, 816, §§ 19 *and* 20.) This class of appeals from surrogate's decisions, are in fact cases *sui generis*, and the sections of the acts to which I have referred, having provided for the costs both when the appellant succeeds and when he fails, necessarily exclude the idea that costs are given and regulated by force of any other statute. It is well also to observe, that such appeals were formerly taken to the circuit judge of the circuit where the surrogate's decision was made, and not to the chancellor. And so the law remained until this court was substituted for the circuit judge, by virtue of the 17th section of the judiciary act of 1847. (*Sess. Laws of* 1847, 324.) They, therefore, did not fall within the provisions of the 35th section of the act concerning costs, (2 *Rev. Statutes*, 513, 2d *edition*,) as originally enacted.

The appellant's motion for leave to issue an execution is denied, and the respondent's motion to amend and modify the order of the general term is granted, without costs to either party.