IN THE MATTER OF THE FINAL ACCOUNTING OF SAMUEL M. MEEKER, SURVIVING EXECUTOR, &c., OF WILLIAM WALL, DECEASED.

[SURROGATE'S COURT, NEW YORK COUNTY.]

(Decided June 23d, 1882).

Where objections to the account filed by an executor are referred to an auditor, and his report finding the account correct is confirmed, no allowances out of the estate should be made to proctors who have appeared upon the accounting for adult legatees and filed no objections; nor to a proctor for a general guardian or a special guardian for services in filing objections that have not been sustained. Allowances may properly be made to special guardians, appointed to protect the interests of minors, for services in examining the account, but not to the attorney of the general guardian of one of such minors for the same service. And where the services of an attorney, in bringing an action for the construction of the will, have proved beneficial, having increased the personal estate, he

is entitled to an .allowance; but the amount should not be fixed before the determination of an appeal taken by him from the order confirming the auditor's report.

APPLICATION for allowances upon final accounting by an executor, made to this court, exercising the powers and jurisdiction of the surrogate's court of the County of New York, under the provisions of section 2486 of the Code of Civil Procedure.

The grounds of the application are stated in the opinion.

CHARLES P. DALY, Chief Justice.—After the executor had filed his account and the vouchers, objections to it were filed by H. F. Averill, Esq., proctor of Catharine Hancox and special guardian of Kate Wall Hancox; by Jesse N. Nelson, Esq., special guardian of Sallie Wall Scott; and by A. M. Stewart, attorney of the United States Trust Company, the general guardian of the said Sallie. The other parties appearing on the accounting filed no objections, but severally filed consents to the passing of the account, expressing themselves fully satisfied with the correctness of it.

An auditor was appointed, before whom the parties filing objections were heard, who found the account to be correct, and whose report was confirmed; an appeal from the order confirming it, being taken only by Mr. Averill.

The rule by which I shall be governed in the application made by the respective parties for allowances, in the one laid down by Surrogate CALVIN in *Osborne* v. *McAlpine* (4 Redf. 5), that they can be granted against the estate, only to counsel for executors or administrators, and any special guardian, necessarily appearing in the case, and to legatees or next of kin, who file objections, and sustain them in whole or in part. This disposes of the applications of the proctors who appeared for the adult legatees and filed no objections; and limits the application for allowances to Mr. Averill, who brought an action in the supreme court for a construction of the will, upon which he was successful; and to the special guardians of the minors, necessarily appearing in the case; an allowance

having already been made to the executor. Under this rule, allowances are not to be made to the proctor for the general guardian who filed objections that have not been sustained. He has rendered no service to the estate and is not to be compensated out of it for services which were not necessary; the auditor having reported that the account of the executor was correct, and his report having been confirmed. Nor is the special guardian to have an allowance for his services in raising objections which were not sustained. He is entitled to an allowance, having been appointed by the court to protect the interest of the minor, for the services he rendered in examining the account; and $250, in my opinion, is a sufficient compensation for that service; which will also be allowed to the other special guardians, the account being voluminous and containing a great number of vouchers.

Beyond the examination of the account rendered by the executor, no service or further appearance, upon the part of the special guardians, was necessary, the account being correct; and to grant allowances in such cases, would be but to encourage special guardians to raise objections, that the amount of their allowances might be enhanced. There may be peculiar cases, in which an allowance would be made to a special guardian interposing objections, although the account was ultimately found to be correct; but this is not one of them.

Mr. Averill is entitled to an allowance because the result of the action brought by him in the supreme court has been beneficial, having increased the amount of the personal estate; but as he has appealed from the confirmation of the auditor's report, the sum to be ultimately allowed him out of the estate should be left until the appeal is determined; for if he is successful upon his appeal, the allowance would necessarily be larger than it would otherwise be.

An examination of the account of the executor by the attorney of the general guardian of Sallie Wall Scott, where a special guardian had been appointed to watch over her interest in the accounting, was not necessary. Both are not entitled to allowances for performing the same service for the same minor. It will, therefore, be allowed only to the special guardian, that

being his especial duty upon his appointment. That there were twenty-nine hearings or allowances before the auditor, was due to the objections made. If they had not been interposed, the account would have been submitted and the examination of it by the auditor would have been simply a clerical duty. As none of the objections were sustained, this extended hearing before the auditor was unnecessary, and the estate is not to be charged with the payment of the services of the proctors and special guardians, who saw fit to institute it.

The amount I have allowed is large, as compared with what the Code now allows for like services (§§ 2561, 2562).

This proceeding does not come under the above sections in the new Code (§ 3347, subd. 11). I have therefore given what was regarded as a liberal allowance under the law as it previously existed.

Order accordingly.