### MEYER *v.* AMERICAN STAR ORDER.

*(City Court of New York, Trial Term.   November, 1888.)*

BENEVOLENT SOCIETIES—MEMBERS IN GOOD STANDING.

A member of a benevolent society who obtains a withdrawal card from his lodge, and thereby ceases to exercise any voice or influence in it, is not a member of the order in good standing, and does not become entitled, on the death of his wife, to the benefits payable to members in good standing in such cases.

This action is brought by Bernhard Meyer against the American Star Order, a benevolent society incorporated under the laws of New York, with subordinate lodges throughout the state.   Plaintiff became a member of one of these lodges—Wolf Krengel Lodge No. 26—on September 7, 1886.   This lodge, having no by-laws of its own, was governed by the constitution of the grand lodge, which provides, among other things, that, upon the death of the wife of a financial member of the order in good standing, he shall be paid the sum of $500.   Plaintiff on June 19, 1888, received from Wolf Krengel Lodge a withdrawal card, having paid all his indebtedness to the lodge up to that date.   He was at that time a financial member of defendant's order in good standing.   On June 21, 1888, acting on his withdrawal card, he applied for admission to the James A. Garfield Lodge of the same order, but was rejected.  On the 27th of the same month he applied for admission to the King David Lodge of the order, but was again rejected.   On June 30, 1888, his wife died, and this action is brought to recover the $500 which plaintiff claims was payable to him at her death.

*Charles Steckler*, for plaintiff.   *A. P. Wagener*, for defendant.

MCADAM, C. J.    The lodge, subordinate, grand, and supreme, is but one organization or order, although the mode of admission and expulsion may vary in the different degrees, and be different in form and results.   A candidate must get into the order through some subordinate lodge, and through this he may obtain position and promotion; but he generally gets out of each grade through the door that lets him in.   If he becomes a member of the order because of his admission into membership in the subordinate lodge, it follows as a necessary sequence that he ceases to be a member of the order (for the time being) if suspended or expelled therefrom by the action of that lodge.   The delivery and acceptance of the withdrawal card is, as its name indicates, a severance by mutual consent of the relations previously existing between the plaintiff and the Wolf Krengel Lodge.   In other words, the plaintiff, by mutual consent, withdrew, retired from, and quit the lodge to which he belonged, and in consequence ceased to be a financial member of it.   It could no longer exact from him dues or assessments for future expenses or contingencies; and he, on the other hand, could not claim from it, or the order of which it formed a component part, any future benefits that belong to membership in the order.

The burdens incident to membership were to form the fund from which the benefits were to be derived. The one was to compensate the other. By the delivery and acceptance of the withdrawal card the plaintiff ceased to be an active or financial, and became a nominal or inert, member,—one possessing no voice, power, or influence in the management of the lodge from which he retired. Its future success or misfortunes no longer concerned him in a financial sense. It could not call on him to make good its losses, nor could he call upon it to repair his. The plaintiff's retirement carried nothing with it, except that which his withdrawal card certified, to-wit, that he had left his lodge in good standing, and was worthy of acceptance in any other lodge of the order willing to accept him into membership. The plaintiff acted upon this understanding of his rights when he applied for admission in the two other lodges of the order which rejected him. They were under no obligation to receive him, and the fact that they did not gives him no lawful cause of complaint against the defendant; for no lodge guaranties a retiring member that his withdrawal card will admit him to membership in any other lodge of the order to which he seeks admission. Every lodge must determine for itself who it will accept into membership as companions and brothers, and this is supposed to be known to every one who accepts a withdrawal card, and the retiring member assumes all the risks consequent upon his retirement. True, the plaintiff retained a nominal membership in the order; but it was titular only, and, until he affiliated with some subordinate lodge, the withdrawal card, by his own act, suspended his rights and duties in the order in respect to all financial obligations and benefits. Until affiliation his right of membership was inchoate only, a sort of *jus precarium*, without energy or vitality, being dependent upon the future favorable action of some other subordinate lodge to give it efficacy and call it into life. The plaintiff having retired from membership in the defendant's order on June 19, 1888, and his wife having died June 30, 1888, following, the plaintiff was not, at the time of her death, a member of the defendant's order in good standing within the proper interpretation of that term, and did not become entitled to the benefits payable to a financial member upon the the death of his wife. It follows that the defendant is entitled to judgment, with costs.