### In re LAMB's WILL.

*(Surrogate's Court, Kings County.* February 28, 1889.)

COSTS—IN SURROGATE'S COURT.
> The surrogate has no power to award costs payable out of the estate or otherwise to an unsuccessful contestant of a will who is not the special guardian of an infant. or to the counsel for an infant for whom no special guardian has been appointed.

Application for the admission to probate of the will of Thomas Lamb, deceased.

*McGuire & Kuhn,* for proponents Richard Dixon and Matilda Lamb. *Nathaniel Cothren,* for Mary Lamb, special guardian of Thomas M. Lamb, an infant. *James G. Tighe,* for special guardian of Maria Leach, a lunatic, contestant. *James W. Glendenning,* for James H. Lamb, contestant.

ABBOTT, S. The power of the surrogate to award costs in a contested will case, "payable out of the estate or otherwise," is limited to the award of costs to the executor propounding the will, to an unsuccessful contestant who is a special guardian for an infant, and to such parties to the proceeding as are successful. Under the above limitations costs are in the discretion of the surrogate. Mr. Tighe is not a special guardian for an infant, and represents an unsuccessful contestant. I am of the opinion that the surrogate is without jurisdiction to award costs to him, payable out of the estate or otherwise. He must look to the estate of his ward for compensation. I am also of the opinion that the surrogate has no jurisdiction to award costs to Mr. Cothran, who represents the infant, Thomas M. Lamb, a grandchild of testator, as counsel only. The infant intervened in the proceeding, but no special guardian was appointed for him. The utmost I could do would be to award costs to his special guardian; but, there being none, I am unable to see how any costs can be awarded to Mr. Cothran, his counsel. The executors are clearly entitled to costs. The affidavit filed by counsel for the executors shows that the trial, or hearing upon the merits, before the surrogate, occupied 31 days; deducting 2 days, there remains 29 days, at $10 a day,—$290; add $70, costs and the total is $360, which sum I hereby allow to the executors for their costs, to be paid out of the estate.