### *In re* LASAK'S ESTATE.

*(Surrogate's Court, Westchester County.   April, 1889.)*

WILLS—PROBATE—PARTIES—EXECUTORS.

> Though under Code Civil Proc. N. Y. § 2614, *et seq.*, providing that an executor, devisee, or any other person interested in the estate of the alleged testator, may present a petition for probate of a will, and providing also for the citing of husband, wife, and other persons, but not an executor, the executor is not a necessary party to the probate of a will, yet where the parties are cited and appear, on a petition filed by the executor, he cannot discontinue the proceedings without the consent of all, especially after he has appeared and examined witnesses.

Motion by John G. Wendel, as executor of the will of Francis W. Lasak, to dismiss the probate proceedings of said will.

*S. B. Brownell*, for executor.   *George G. Reynolds*, for Victoria A. Mc-Kenzie, in support of the will.   *Mr. Johnson*, for Ophelia J. Cuthbert, on the same side.   *Mr. Cardozo*, for Cordelia D. Chauvet, contestant.   *Aaron Kahn* and *Robert Sewall*, for Antoinette L. Schermerhorn, contestant.   *Chas. F. MacLean*, for Margaret S. Ives, contestant.

COFFIN, S.   It is provided by section 2614 of the Code of Civil Procedure that an executor, devisee, legatee, or any other person interested in the estate of an alleged testator, may present a petition to the surrogate with a view to its probate.   The next section provides for the citing of husband, wife, heirs at law, and next of kin, but not the executor.   Hence, if any person other than an executor applies for probate, the executor need not be cited or made a party to the proceeding.   So, too, all the parties in interest, without the executor, may appear before the surrogate and ask for immediate probate, which will ordinarily be granted.   The executor, as such, is not, therefore, a necessary party to the proceeding.   He is simply permitted to make himself such party by petitioning for a citation to be served on the proper persons. After all the parties have been cited, and some of them appear, a part of whom are desirous that the will should be sustained, and others that it should be rejected, and they enter upon a contest in regard to it, the executor, if he so elect, may sit by as an idle spectator of the controversy, or absent himself, at his option.   There is no power possessed by the court to compel him to take an active part, and no order permitting him to withdraw is necessary. He has no beneficial interest under the will, and, if he even declines to examine the subscribing witnesses, the surrogate, in the discharge of his duty, would be compelled to do it.   For he "must cause the witnesses to be examined before him," (Code, § 2618,) and any court may propound questions to witnesses.   Indeed, surrogates in former times personally examined witnesses, and, where there is no contest, they constantly and habitually do so now.

Where, however, the parties appear on the return-day of a citation in a probate case, it seems to me that the executor has no power to discontinue or withdraw the proceeding without the consent of all.   He is the mere instrument by which they are brought into court in order that they may assert their rights, and contend for what they may deem to be their interests.   He, by the facts stated in his petition, has conferred jurisdiction of the subject-matter, and, by proof of proper service of the citation, of the persons, upon the surrogate, and he cannot divest it of such jurisdiction by any act of his, more especially after appearing in court and duly examining the subscribing witnesses to the alleged will.   The motion is denied.