WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April and July, 1889.

MATTER OF LASAK.

*In the matter of the application for the probate of the will of* FRANCIS W. LASAK, *deceased.*

Where an executor has duly filed a petition for the probate of decedent's will, and upon contest of the probate, when the subscribing witnesses to the will have been examined and cross-examined, wishes to withdraw from the controversy, no order permitting him to withdraw is necessary, as the executor may, if he so elect, sit by as an idle spectator of the litigation, or absent himself at his option since there is no power possessed by the court to compel him to take an active part in the controversy.

But where the parties have appeared upon the return day of a citation in a probate case, the executor has no power without the consent of all parties, to discontinue or withdraw such proceeding.

Where the executor, the proponent of a will, withdraws from the probate proceedings, it is the duty of the court with, or without application, on termination of the proceedings, to see that an appropriate decree be entered.

Where the contestants compel those supporting a will to attend day after day and listen to valueless testimony, separate bills of costs will be allowed those supporting the will who have appeared by separate attorneys, where their interests under the will are several, and they are not united in interest.

JOHN G. WENDEL named as executor of the last will and testament of Francis W. Lasak, deceased, duly filed the usual petition with a view to the probate thereof. A citation was issued accordingly, and was on the 15th day of March, 1889, returned with due proof of the service thereof on all parties in interest. Some of the parties so cited appeared in support of the will, while others were present in opposition. The counsel for the executor produced and examined the subscribing witnesses who were cross-examined by the contestants. The matter was then adjourned to the 12th day of April by consent. On that day the counsel for the executor read a notice which he had caused to be served on the attorneys for the respective parties, to the effect that the executor declined to take any further part in the controversy, leaving it to the parties interested in the estate, and asked leave to withdraw therefrom. Subsequently he moved to dismiss the whole proceeding.

S. B. Brownell, *for the executor.*

GEORGE G. REYNOLDS, *for* VICTORIA A. MCKENZIE, *an heir and next of kin, in support of the will.*

E. M. JOHNSON, *for* OPHELIA CUTHBERT, *an heir etc. and legatee, on the same side.*

MICHAEL H. CARDOZO, *for* CORDELIA D. CHAUVET, *an heir etc. and legatee.*

AARON KAHN, *for* ANTOINETTE L. SCHERMERHORN, *an heir etc., contestant.*

CHAS. E. MACLEAN, *for* MARGARET S. IVES, *an heir etc., contestant.*

E. T. BARTLETT, *for the American Female Guardian Society etc., legatee.*

FREDERICK B. VAN VORST, *for Children's Aid Society, legatee.*

APRIL, 1889.

THE SURROGATE.—It is provided by § 2614 of the Code of Civil Procedure, that an executor, devisee, legatee or any other person interested in the estate of an alleged testator, may present a petition to the Surrogate, with a view to its probate. The next section provides for the citing of husband, wife, heirs-at-law and next of kin, but not the executor. Hence if any person other than an executor, applies for probate, the executor need not be cited or made a party to the proceeding. So too, all the parties in interest, without the executor, may appear before the Surrogate and ask for immediate probate, which will ordinarily be granted. The executor as such is not therefore, a necessary party to the proceeding. He is simply permitted to make himself such party by petitioning for a citation to be served on the proper parties. After all the parties have been cited, and some of them appear, a part of whom are desirous that the will should be sustained and others that it should be rejected, and they enter upon a contest in in regard to it, the executor, if he so elect, may sit by as an idle spectator of the controversy, or absent himself at his option. There is no power possessed

by the court to compel him to take an active part, and no order permitting him to withdraw is necessary. He has no beneficial interest under the will and if he even decline to examine the subscribing witnesses, the Surrogate in the discharge of his duty would be compelled to do it, for he "must cause the witnesses to be examined before him," Code § 2618, and any court may propound to witnesses. Indeed Surrogates, in former times, personally examined witnesses, and where there is no contest, they constantly and habitually do so now.

Where, however, the parties appear on the return day of a citation in a probate case, it seems to me that the executor has no power to discontinue the proceeding or withdraw it without the consent of all. He is the mere instrument by which they are brought into court in order that they may assert their rights, and contend for what they may deem to be their interests. He, by the facts stated in his petition, has conferred jurisdiction of the subject matter, and by proof of proper service of the citation, of the persons, upon the Surrogate, and he cannot divest it of such jurisdiction by any act of his, more especially, after appearing in court and duly examining the subscribing witnesses to the alleged will.

The motion is denied.

## JULY, 1889.

THE SURROGATE.—On the settlement of the decree, it was objected that as the executor named, who was the proponent, had withdrawn from the case, there

was no proper person to apply for the entry of the decree. The law is not so helpless as to be at the mercy of a recalcitrant executor in such a case. It is the duty of the court with or without application, to see that a decree, appropriate to the matter, be entered.

It was also objected that costs should not be allowed to those who appeared in support of the will against the contestants, or, if they were, that only one bill should be allowed for all. It seems to be eminently a case for awarding costs against the contestants personally. They have compelled those supporting the will to attend again and again, and to listen day after day, to valueless evidence, given by witnesses whose cross examination even was not deemed necessary. Those favoring the will had each a perfect right to select her and his own separate counsel in the controversy. The court in Collyer v. Collyer, 4 *Dem.* 53–64, on the authority of Hauselt v. Vilmar, 76 *N. Y.* 630, allowed separate bills of costs to several contestants. No good reason is discovered why separate bills should not be allowed in a case like this, where those endeavoring to sustain the will appear by different attorneys. Their interests under the will were several and they were not united in interest.

The costs will be taxed and the decree entered accordingly.