1. EXECUTORS AND ADMINISTRATORS—STENOGRAPHER'S FEES—ALLOWANCE.

> Where the widow was not a party to a stipulation, in proceedings for settlement of the administrator's account, to pay stenographer's fees out of the estate, such fees will be charged to the estate, exclusive of the share therein of the widow.

2. SAME.

> Where, by stipulation, in proceedings for settlement of an administrator's account, the fees of a stenographer were to be paid out of an estate, his fees for services rendered before the stipulation was entered into will not be charged against the estate.

In the matter of the estate of Baldo Maritch. Petition for allowance of stenographer's fees in proceedings for settlement of the administrator's account. Claim allowed against estate exclusive of right of widow.

Jesse Grant Roe, for petitioners.

D. E. Delavan, for next of kin.

Wellesley W. Gage and Samuel D. Sewards, in opposition.

VARNUM, S. This is one of the matters left undecided by Surrogate ARNOLD. It appears that since the submission of this matter to Surrogate ARNOLD the referee's fees have been paid, and the only question remaining for decision by me is in regard to the stenographer's fees. The widow's attorney did not appear before the referee until after the stipulation was made as to the payment out of the estate of the stenographer's fees, and she did not in any way join in or become a party to the stipulation which was made for the payment of such fees. She therefore should not be called upon to contribute anything towards their payment. There is a dispute as to the number of folios written out by the stenographer. A count shows that there are 440 $^{18}/_{100}$ folios. The fees for taking and supplying these folios, as well as any sum that may be allowed the stenographer for the adjournments hereinafter mentioned, should be charged against the estate, exclusive of the share therein of the widow. There is also a question as to the fees to which the stenographer is entitled for attendance on certain days upon which adjournments were had. Four of these adjournments and one hearing were had before the stipulation was entered into, and because of this the contestants object to the allowance of a fee for the stenographer's attendance at the time of the adjournments, while not opposing the charge for the notes taken upon the hearing. It seems to me that nothing should be allowed for the stenographer's attendance when these adjournments were taken. As to the other adjournments, the stenographer claims that he was not given the notice which it appears he was entitled to, while his adversary insists that he was. Unless the parties can come to some arrangement satisfactory to themselves in respect to this disagreement, they will have to attend before me at a time to be fixed, when I shall take the testimony in regard to the issue between them. The right of the moving parties to make this application has been

questioned. The practice of this court,and the authorities which I cite recognize that they have the right to maintain it. In re Hurd, 6 Misc. Rep. 171, 26 N. Y. Supp. 893; Estate of Smith, Sur. Dec. 1894, p. 329; Estate of McDowell, Sur. Dec. 1896, p. 139; In re Andress, Sur. Dec. 1898, p. 396.

Decreed accordingly.