Code Civ. Proc. §§ 2561, 2562, providing that a surrogate shall allow costs on the settling of an account not exceeding a certain amount, does not limit the amount which executors may lawfully expend and be allowed for the services of counsel on the judicial settlement of their account in preparing the same and procuring it to be passed.

In the matter of the judicial settlement of Edward Mitchell and George S. Hoadley, executors of the will of Benjamin D. Silliman. Decree for settlement allowed.

William Mitchell (S. Sidney Smith, of counsel), for executors.
Luke D. Stapleton, for contestants.

CHURCH, S. Upon the presentation by the executors of their account for a judicial settlement it appears that they have paid their counsel for his services rendered to them in all the proceedings the sum of $5,653.04. To this item objection is filed by one of the next of kin of the deceased, on the ground that it was excessive. Upon cross-examination of the counsel who had rendered such services he specified the same in detail, and what he considered a proper charge for the same. It appears that he has included a fee which is intended

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. §§ 2259, 2265.

to be in full for his services upon this accounting. He also stated that it was not the intention of the executors, if this bill was allowed, to ask the surrogate to make any allowance under sections 2561 and 2562 of the Code. The estate was a large one, involving between a million and a quarter and a million and a half dollars, and consisted of both real and personal property in about equal proportions. The various figures which counsel has fixed upon these services, except the question in regard to the accounting, do not seem to me to be unreasonable or improper, considering the magnitude of the estate, and the consequent importance of the questions involved, and the high standing of the attorneys necessarily employed in the matter. It is contended, however, by the contestants, that, while the executors are entitled to employ and reimburse counsel for services necessarily rendered to them, they cannot include in such charge the services of counsel in making up their accounts for judicial settlement and attending to the same, but that upon such matters they are limited to the allowance which may be fixed by the surrogate under sections 2561 and 2562 of the Code, and that, therefore, so much of this bill as includes the fee for services in the settlement of this account should be disallowed, and that the surrogate should, in the decree, make such allowance as they may be enabled to show they are entitled to within the provisions of said sections of the Code. While the reading of this section of the Code would seem to give some foundation for this claim, yet it does not seem to me, from a consideration of the entire subject, that it was the intention of the Code to limit the pay for such services to the allowance fixed by these sections; as, if such had been the intention, it seems to me it would have been clearly expressed. It is unnecessary for me to consider this question at length, and give my reasons for arriving at this conclusion, as a similar question has been before Surrogate Ranson for his determination (In re Smith, 26 Abb. N. C. 56, 12 N. Y. Supp. 88), and in his opinion he completely reviews all of the decisions upon this subject, and holds that the course adopted by the executors herein is proper, using the following language: "Until I am differently instructed by the appellate courts, I shall hold that the accounting party is not confined to the sections of the Code [2561 and 2562] for remunerating his counsel, but may expend such sum as he deems proper in that behalf, to be included in his accounts." Believing that his opinion upon this subject is, therefore, correct, I shall follow the same, particularly as I am unable to find any decisions in which it has been criticised by the appellate courts. As the amount which is involved in this account is considerable, it is to be hoped that this will be presented to the appellate courts, and thus the matter set at rest.

There remains to be determined, however, the question of whether the charge for the services in connection with this account was a reasonable and proper compensation, before this bill can be allowed. Upon this point the evidence offered by the contestants is of no assistance, as the various counsel called by the contestant placed no value upon such services, stating that they regarded the sections of the Code referred to as controlling. There was considerable differ-

ence in the opinions of the various witnesses for the executors upon the amount which should be allowed for this branch of the services. Mr. William Mitchell, the counsel for the executors, stated that he regarded the sum of $2,500 as a proper charge for these services in making up the account and attending to the accounting. It also appears that the routine services in connection with the preparation of the account, which would naturally be attended to by an accountant, was performed by an expert accountant hired by the executors, and the bill for these services is also included in the account. It was necessary, however, for this work to be done under the direction of counsel, who also had to examine the same, and see if it was correctly arranged. In view of the large amount of this estate, the number of bequests contained in the will, and the numerous questions, therefore, which must have arisen in the proper arrangement of this account, I think that the executors were justified in retaining eminent counsel, and also were entitled to reimburse him with a fee corresponding with the amount which he was in the habit of charging for his services in matters involving a similar amount of time and of similar importance. Upon this point the evidence offered by the executors is far from satisfactory. While they all concede that the total amount of $5,653.04 is a just and reasonable one, their itemizing of the same is very different. Mr. Lord bases the fee to be received on the account as a nominal figure, but states that a large fee should be allowed for the general consultation during the management of the estate. Mr. Cameron, on the other hand, states that he considers $1,500 to be a proper figure to be charged on the accounting, and fixes the fees for the other services larger than that estimated by the counsel for the executors. As I have allowed as proper the various items of charges made by counsel for the executors for all the services except that rendered upon the accounting, it seems to me that the fact that they may have been, in the estimation of counsel, underestimated, does not justify my increasing the amount which I think is proper for services upon the accounting. I have carefully examined the account, and from such examination and a knowledge of the work which it was necessary to do in preparing same, presenting it to the court, obtaining a decree finally judicially settling same, and the length of time which was involved in this transaction, I am satisfied that the sum of $1,500, the amount stated by Mr. Cameron as a proper and reasonable fee, is all that should be allowed to these executors for the employment of counsel therefor. Accordingly I will disallow the $5,653.04, shown in Schedule C, paid by the executors for counsel fees, and will allow the sum of $4,653.04. Let decree be presented for settlement accordingly.

Decreed accordingly.