In the Matter of the Judicial Settlement of the Account of GEORGE
G. DUTCHER, as Executor, etc., of PATRICK LALLY, Deceased.

GEORGE G. DUTCHER, Individually, and as Executor, etc., of PATRICK
LALLY, Deceased, Appellant; BERNARD J. LALLY and WILLIAM
A. GLYNN, Special Guardian, Respondents.

*Executor — when he should not be allowed only half commissions and be charged per-
sonally with costs.*

It is improper for the surrogate to allow an accounting executor only one-half of
the statutory commissions and to charge him personally with the costs of the
accounting where there is no charge of misconduct or improper management
of the estate.

APPEAL by George G. Dutcher, individually, and as executor,
etc., of Patrick Lally, deceased, from portions of a decree of the
Surrogate's Court of the county of Kings, entered in said Surro-
gate's Court on the 17th day of March, 1904, judicially settling the
accounts of the said executor, and also from an order entered in said
Surrogate's Court on the 17th day of March, 1904, denying the
appellant's motion for a rehearing and amendment of his account.

*George B. Abbott* [*Stephen G. Thomas* with him on the brief],
for the appellant.

*Francis A. McCloskey,* for the respondent Lally.

MILLER, J. :

The appellant insists that the learned surrogate erred in three
respects : *First,* in charging the executor with $410.46 instead of
$183.46, as the balance of income in his hands; *second,* in allowing
him only one-half of the commissions allowed by section 2730 of the
Code of Civil Procedure ; and, *third,* in charging him personally with
the costs of the accounting ; while the respondent insists that the sur-
rogate erred in not charging the executor with the sum of $774.46 as
the balance of income in his hands instead of said sum of $410.46.
The difficulty is largely one of arithmetic and arises solely from two
transactions.   The respondent is the son of the testator and by the
terms of the will is entitled to the net income of the estate, consist-
ing of certain improved real estate in the borough of Brooklyn, and
the dispute arises as to the amount of rentals of said real estate prop-
erly to be charged against the appellant.   It is undisputed that the

respondent as agent for the appellant collected the sum of $2,290, of which amount he turned over to the appellant the sum of $1,066.86, retaining the balance. It also appears that shortly before his death the testator gave the respondent $1,000 which the respondent turned over to the appellant, as the respondent claims merely as a loan, while as the appellant claims because of a demand which he made on the respondent for the money on the ground that it belonged to the capital of the estate. This controversy, however, was settled by the judgment in an action in the Supreme Court brought by the respondent against the appellant as executor and trustee to recover said sum of $1,000, by which it was determined that the respondent was entitled to said sum of $1,000, but that the appellant had a counterclaim against the respondent for the unpaid rentals collected by the respondent as agent, and the appellant in this proceeding obtained a judgment against the respondent for the difference between said sum of $1,000, with interest, and the amount of rentals collected and not paid over. The appellant had charged himself with said sum of $1,000 as being a part of the capital of the estate, and after said judgment said sum was transferred from the capital to the income account, and in the account presented by him in this proceeding it appears upon both the credit and debit side of the capital account, and on the debit side of the income account, the effect of which was to leave the balance in the capital account unaffected by said entries, and to increase the amount of the income account by the sum of $1,000.

By the account as presented it appears that the appellant has in his hands of income unexpended the sum of $183.46, and in making up the total of income are the two items of $1,066.86 rentals collected by the respondent and turned over to the appellant, and the sum of $1,000 transfered from the capital account to the income account, making a total of $2,066.86. The learned surrogate held that no reference should be made in any part of the account to said $1,000 item, but that the executor should be charged in the income account with the sum of $2,294, being the amount of rentals collected by the respondent, and as the executor had only charged himself with $2,066.86 of this amount, this increased the final balance to be charged against him by the sum of $227.14, which he never received, and as this was collected and retained by the

person entitled to the income, if it is to be charged against the executor, he should also be credited with a like amount. The item of $410.46 charged against the executor as income remaining in his hands should, therefore, be reduced to the sum of $183.46.

The learned surrogate, evidently on the theory that the executor had made out the account in the manner in which he did for the purpose of getting commissions to which he was not entitled, only allowed him one-half of the commissions allowed by statute, although there is no finding of misconduct or improper management of the estate. We think that the executor should have been allowed his full commissions, and that the learned surrogate also erred in charging the executor personally with the costs of the proceeding.

The decree appealed from should, therefore, be modified in the respects to which attention has been called, and as modified affirmed, with costs to the appellant out of the estate.

HIRSCHBERG, P. J., BARTLETT and WOODWARD, JJ., concurred; HOOKER, J., not voting.

Decree of the Surrogate's Court of Kings county modified in accordance with opinion of MILLER, J., and as modified affirmed, with costs to the appellant payable out of the estate.