Where a testamentary trustee had been removed because of incompetency and improvidence, and a new trustee is appointed to execute the trust, commissions should not be allowed to the trustee who has been removed.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 466; Dec. Dig. § 321.*]

In the matter of the judicial settlement of the account of the Williamsburgh Trust Company, trustee of Nicholas Ryan. Referee's report confirmed.

Walter Jeffreys Carlin, for Catherine Ryan.

John D. Lyons, for receivers of Williamsburgh Trust Company.

KETCHAM, S. On the removal of a testamentary trustee, its accounts have been stated by the referee, who reports his conclusion that the trustee is entitled to commissions upon the principal of the fund, as well as upon income now on hand and upon income paid out by the receivers of the trustee appointed upon its suspension of business.

The trustee was removed from office upon grounds stated in the order of removal as follows:

"Because the said trustee is incompetent and otherwise unfit for the due execution of the trust and has been improvident in the management of the estate."

Where the trust remains to be executed by a new trustee, subject to the burden of his commissions, it is not just that compensation should be given to the trustee who has been removed for its fault.

The report of the referee should be confirmed in all things, save its finding in respect to these commissions.

Referee's report confirmed.

---

(60 Misc. Rep. 298.)

## In re MORAN'S ESTATE.

(Surrogate's Court, Kings County. July, 1908.)

COSTS (§ 251*)—COSTS ON APPEAL—REVERSAL.

Where a decree of distribution of a Surrogate's Court was reversed in the Appellate Division, with costs to the appellant, the costs of the appeal only may be taxed, without disbursements.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 959; Dec. Dig. § 251.*]

In the matter of the estate of Louisa Moran. Decree rendered in proceeding on accounting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jacob I. Bergen, for administratrix.
John C. Judge, for Josephine McDermott.
John J. Haggerty, for Joseph Moran and others.
Joseph A. Kennedy and Robert F. Manning, special guardians.

KETCHAM, S.　Upon appeal from the decree of distribution, the Appellate Division has directed that its reversal of the decree be "with costs to the appellant." Costs, in the order to be entered upon the remittitur, can only be awarded according to the special directions made upon the appeal (Code Civ. Proc. § 2558, subd. 1); and the direction quoted contemplates only the costs of the appeal in the appellate court. Among the haphazards of the Code it appears that, upon reversal of a surrogate's decree, "with costs," and without specification of disbursements, the surrogate has no power to include disbursements in his taxation of costs. Matter of Steencken, 58 App. Div. 85, 68 N. Y. Supp. 444. Unless, therefore, the appellant shall receive further direction, the order proposed will include only the costs for making and serving the case and the costs before and after argument.

Decreed accordingly.