In the Matter of the Probate of the Last Will and Testament of MARY A. WALDRON, Deceased.*

(*Surrogate's Court, Kings County, November, 1911.*)

WILLS—PROBATE, ESTABLISHMENT AND ANNULMENT—PROBATE—COSTS— ALLOWANCE TO UNSUCCESSFUL CONTESTANT.

The executor named in an instrument that has been admitted to probate as a last will and testament may be allowed his costs and necessary disbursements and expenses in an unsuccessful contest of the probate of a later will, but can only be allowed the amounts he has actually expended.

PROCEEDING upon the probate of a will.

M. F. McGoldrick, for proponent.

Joyce & Kavanagh, for contestant.

Myles Purvin, special guardian.

KETCHAM, S.—Before the propounded paper came to light a will of earlier date was admitted to probate. In this earlier will the husband of the testatrix was named as executor, and

* See 77 Misc. 417.

upon its probate letters were issued to him, which he still holds.

As such executor, he has contested the later will, without success. He now asks that he be awarded costs, necessary disbursements and expenses incurred by him in the attempt to sustain the will in which he was named.

It will be the finding of the court that he propounded the earlier will in good faith and, if necessary, that he has waged the present contest in good faith.

By the amendment, in 1911, of section 2558 of the Code of Civil Procedure, it is provided that, if the unsuccessful contestant " is named as an executor in a paper propounded by him, in good faith, as the last will of the decedent   *   *   * such person so named as executor may, in the discretion of the surrogate, be awarded costs and all necessary disbursements made by him and all expenses incurred in the attempt to sustain the will."

While the profession has supposed that this amendment was provoked by the case of Dodd v. Anderson, 197 N. Y. 466, and was intended to indemnify the unsuccessful proponent for his outlays made in good faith, such intention, if conceived by the Legislature, has been so obscured that only the most zealous and generous construction will reveal it.

The text of the statute is, however, perfectly adapted to the present case, of one who, holding letters under another will, is an unsuccessful contestant of the instrument admitted to probate.

The statute only permits the allowance of disbursements " made " and expenses " incurred," and the decree will be held until proof is made of the sums actually paid.

Decreed accordingly.

## NOTE ON COSTS AND COUNSEL FEES.

**1. Jurisdiction to Award and Impose Same.**

1. In contested cases the surrogate may award costs; how they are to be taxed. Western v. Romaine, 1 Brad. 37.

2. Costs may be allowed, in the discretion of the surrogate, to each of the parties entitled thereto, in analogy to the practice in equity. *Ex parte*, Miles. 5 Redf. 110.

3. In the absence of statutory provisions, a surrogate has no power to award costs, upon the dismissal of a proceeding for want of jurisdiction of the subject-matter. Bunnell v. Ranney, 2 Dem. 327; s. c. 66 How. Pr. 291.

4. The power of the surrogate to award costs is limited by § 2561 of the Code of Civil Procedure. Matter of Fernbacher, 17 Abb. N. C. 339; s. c. 8 Civ. Pro. 308, 349; 4 Dem. 277; 3 How. Pr. (N. S.) 81.

5. Where the probate of a will has been unsuccessfully contested, though in good faith, the power to allow costs to the contestant is discretionary; the surrogate's refusal to allow them is not error. Matter of Mondorf, 110 N. Y. 450.

6. Under § 2558 of the Code of Civil Procedure, the surrogate has no jurisdiction to make an allowance of costs to an unsuccessful adult contestant of a will, even upon the consent of the proponent. Matter of Keeler, 23 Abb. N. C. 376.

7. The manner of payment of the costs in probate proceedings may be decided by the general term, which heard the appeal, and if no direction be given by the general term it may be decided by the surrogate; the circuit court and special term have nothing to do with a decree of probate or with the granting of costs. Matter of Campbell, 48 Hun, 417; s. c. 14 Civ. Pro. 408.

8. A surrogate has no power to direct a temporary administrator to pay the expenses of expert witnesses on the part of the proponents of the will. Fricke's Estate, 4 Bro. Civ. Pro. 177.

9. A surrogate's court has no authority to direct a temporary administrator to pay the costs of a proceeding for probate of an alleged will out of the estate. Matter of Aaron, 5 Dem. 362.

10. Section 2348 of the Code of Civil Procedure, authorizing a surrogate, in a probate proceeding, to order a copy of the stenographer's minutes to be furnished to contestant, and charge the expense to the estate, does not extend to an expenditure for a stenographic report of an examination of a witness *de bene esse*, which was not read at the trial and was never even returned to the court. Matter of Henry, 5 Dem. 272.

11. In a contested application for the probate of a will, where the contestants procure copies of the stenographer's minutes without an order, for use on an appeal in which they are unsuccessful, the surrogate has no power, under § 2558 of the Code of Civil Procedure, to direct the payment to them of the costs thereof. Matter of Byron, 40 St. Rep. 845.

12. Upon a contest before a surrogate, it is in his discretion to allow a sum not exceeding $70 as costs and $10 additional for each day in excess of two, spent on the trial; if the amount allowed be within those sums, his order is final and conclusive. Matter of Niles, 34 St. Rep. 720.

13. Where a decree, admitting a will to probate, is reversed, and a new trial awarded, with costs to abide the event, and on the trial of an issue, the will is established, the court has power to award payment of the costs by the contestant, though the decision has been certified to the surrogate; they may also decree the repayment of costs received by him out of the estate, on the original appeal from the surrogate; but the supreme court has no power over the costs in the court of appeals. Whitbeck v. Patterson, 22 Barb. 83.

14. Where a decree of probate is reversed by the general term and a trial directed in the court of common pleas before a jury, but no direction is made as to costs, and the trial before the jury has resulted in favor of the proponent, the surrogate has no authority to award costs of the appeal or the second trial. Matter of Hatton, 15 Civ. Pro. 293; s. c. 6 Dem. 444; 17 St. Rep. 774; 2 N. Y. Supp. 492.

15. The surrogate has no power to award costs to a guardian *ad litem* in any case, in excess of seventy dollars and his disbursements; such a guardian is entitled to a counsel fee, in addition to costs, and it must be paid out of the infant's estate. Matter of Ruppaner, 7 App. Div. 11; s. c. 39 N. Y. Supp. 763.

16. Where one of the beneficiaries under a will has permitted the

surrogate to treat the final judicial accounting of the executor and trustee as a " contest " as used in § 2561, Code Civ. Pro., refers to the trial of an issue of fact. Matter of Hogarty, 62 App. Div. 79 ; 70 N. Y. Supp. 839.

17. Where a disputed claim against a decedent's estate is referred by consent to the surrogate and is heard by him upon the judicial settlement, costs to the successful claimant are discretionary. Matter of Ingraham, 2 Mills Surr. 291. Matter of Coonley, 3 Mills Surr. 130.

18. The amount which executors may lawfully expend and be allowed for the services of counsel upon the judicial settlement of their account, in preparing the same and for procuring it to be passed and settled is not limited by Code Civ. Pro. §§ 2561, 2562. Matter of Mitchell, 3 Surr. 301.

19. Where the Appellate Division reverses a decree of distribution of a Surrogate Court with costs to the appellant, costs of the appeal in the Appellate Court only may be taxed, without disbursements. Matter of Moran, 6 Mills Surr. 543.

20. The power of a Surrogate to grant allowances and costs on the judicial settlement of an executor's accounts is derived wholly from and limited by sections 2561 and 2562 of the Code of Civil Procedure. Matter of Kreidler, 7 Mills Surr. 559.

**7. To Whom Costs Should be Awarded.**

1. The surrogate is not limited to the technically successful litigant, in making an allowance for the expense of the litigation. Noyes v. Children's Aid Society, 70 N. Y. 481; overruling s. c. 10 Hun, 289. *Ex parte* Gates, 2 Redf. 273. *Ex parte* Meeker, 9 Daly 556.

2. When costs are allowed by a decree of the surrogate, they must be awarded to parties and not directly to counsel. Matter of Aaron, 5 Dem. 362.

3. The surrogate may allow costs to an executor who has, in good faith, but unsuccessfully, opposed an application to revoke the probate of the will under which he acted, and to admit to probate a later will. Bertine v. Hubbell, 1 Dem. 335.

4. An unsuccessful proponent of a will is not entitled to costs as matter of right, except where, as executor, he propounds it in good faith as the means of contesting a conflicting will first propounded by another

person. Collyer v. Collyer, 17 Abb. N. C. 328; s. c. 4 Dem. 53; 3 St. Rep. 135; 110 N. Y. 481.

5. The unsuccessful contestant of the probate of a will cannot be allowed costs, when he himself is an attorney, and acts as his own counsel. Whelpley v. Loder, 1 Dem. 368; 24 Weekly Dig. 182; 11 N. Y. 239.

6. In a case of a contested will, the surrogate cannot award costs to the counsel of an infant for whom no special guardian has been appointed, nor to an unsuccessful contestant who is not a special guardian for an infant. Matter of Lamb, 5 N. Y. Supp. 565; 121 N. Y. 703.

8. Upon awarding probate, the surrogate may allow costs to parties who appeared in support of the will by separate attorneys, where their interests were several. Matter of Lasak, 23 Abb. N. C. 54; s. c. 1 Connoly 486; N. Y. Supp. 2.

9. Costs, on appeal from the decree of a surrogate admitting a will to probate, which is reversed on matter of fact, but the will is finally established, on the trial of an issue. Van Pelt v. Van Pelt, 16 How. Pr. 299.

10. The general term has no authority, upon affirming a decree admitting a will to probate, to award costs of the appeal to the unsuccessful party contestant. Matter of Wilson, 103 N. Y. 374; modifying 23 Weekly Dig. 291.

11. In an action to compel the accounting of an executor, by alleged beneficiaries under the will, where it is shown that the plaintiffs are not beneficiaries under the will, it is proper to refuse to allow them a bill of costs out of the estate. Miller v. Miller, 79 Hun, 197; s. c. 61 St. Rep. 856.

12. Where the next of kin of the testator upon the probate of a will, are successful in contesting its construction, they are entitled to costs, although not successful in contesting the probate. Matter of Munter, 19 Misc. 201; s. c. 44 N. Y. Supp. 605.

13. Although an executor has allowed his co-executor to invest the assets of the estate, to collect and pay out the income and to have general management of the estate, he will be allowed the costs of preparing his account, it appearing that he took no actual part in the fraud. Matter of Dougherty, 43 Misc. 468; 89 N. Y. Supp. 549.

14. No costs will be allowed to an executor who is removed from his trust upon his accounting. Matter of Bevier, 17 Misc. 486; 41 N. Y. Supp. 268.

15. A claimant, not entitled to be cited as heir at law or next of kin, becomes a party to the proceeding by presenting his claim and filing a consent, but, nevertheless, should not be awarded costs against the estate or its administrator where the latter's resistance of the claim results in the surrogate reducing it seventy-five per cent. Matter of Ingraham, 2 Mills Surr. 291.

16. Upon the judicial settlement of an executor's accounts, costs or allowances are granted to a party and not to his attorney or counsel. Matter of Kreidler, 7 Mills Surr. 559.

#### 10. When Costs Will be Imposed.

1. In an action for the construction of a will, although costs are in the discretion of the court, they should be charged upon the general estate, if the will is so drawn as to create doubt and render resort to a court necessary or advisable; but this rule has no application where a particular share only is involved in doubt. Cook v. Munn, 33 Hun, 25.

2. Upon an unsuccessful action to construe a will, brought by a general guardian and the infant, appearing by guardian *ad litem*, where there was no question calling for judicial construction, and if there had been, the property being personal, the action should have been by the infant without the general guardian, the costs should not be charged upon the income appropriated to the infant, but may be charged upon the plaintiffs. Wead v. Cantwell, 36 Hun, 528.

3. Upon a contest of a trustee's account, the contestant, although unsuccessful, will not be charged with the costs, where the objections were interposed in good faith, and any reasonable man would have contested under like circumstances. Matter of Willett, 15 Civ. Pro. 284; s. c. 17 St. Rep. 776; 2 N. Y. Supp. 665. See matter of Tacke, 17 St. Rep. 805; s. c. 3 N. Y. Supp. 198.

4. An allowance of costs to an unsuccessful contestant of the probate of a will, though authorized by statute, should only be granted in exceptional cases. Taylor's Will, 10 Abb. Pr. (N. S.) 300; s. c. N. Y. Trans. 13 March, 1871, p. 13.

## 11. Taxation of Costs.

1. Taxation of costs upon an executor's final accounting in the surrogate's court. Du Bois v. Brown, 1 Dem. 317.

2. Where a surrogate's decree merely allows taxable costs, and a party asserts that the decree decided, that no further costs should be allowed, the burden is upon him to show that an adjudication to that effect was actually made in the former decree. Douglas v. Yost, 64 Hun, 155; s. c. 45 St. Rep. 850.

## 12. What Costs May be Awarded.

1. A surrogate can only award taxable costs; he cannot allow a sum in gross. Reed v. Reed, 52 N. Y. 651.

2. The denial of an application to open a decree should be by order and not by decree, and the maximum allowance of costs thereupon is $10 and disbursements. Pease v. Egan, 3 Dem. 320.

3. An allowance of $10 for each additional day beyond two days, where a trial or a hearing upon the merits necessarily occupies more than two days, may be made, not only for a hearing before the surrogate in person, but also before a referee; but such allowance will not be made for days on which an adjournment occurred without an actual hearing. Matter of Clark, 36 Hun, 301.

4. Upon an appeal from an order in a proceeding in the surrogate's court, costs must be as in a similar case in an action in the supreme court, $10 and printing disbursements. Walsh v. Van Allen, 36 Hun, 629.

## 13. Costs From a Fund.

1. How the value of an estate is to be estimated, to determine whether the surrogate may award costs out of the fund. Chalker v. Chalker, 5 Redf. 480.

2. Where the surrogate, under the revised statutes (2 R. S. 96 § 74) directs the reservation of a sum to meet a claim in litigation, the anticipated costs and expenses of such litigation cannot be added thereto. Field v. Field, 2 Redf. 160. See Costs.

3. The executor of a woman who was the executrix under her husband's will, neglected for about four months, to render an account of her trusteeship and the administrator with the will annexed to the husband's estate instituted proceedings to compel such executor to account; the executor thereafter filed an account to which the admin-

istrator objected and upon which he surcharged a sum of $800, additional. Held, that the costs of both parties to the proceeding should not have been decreed payable out of the estate of the husband. Matter of Matthesson, 8 App. Div. 8; 40 N. Y. Supp. 140.

## 14. On Whom Costs May be Charged.

1. In case of a successful contest, the surrogate may charge the costs on the proponent personally; he should do so where the proponent proceeded without any evidence to sustain his venture, trusting to chance for its development. Collyer v. Collyer, 17 Abb. N. C. 328; s. c. 4 Dem. 53; 3 St. Rep. 135; 110 N. Y. 481.

2. A surrogate by a decree refusing probate to a codicil, may award costs to the successful contestant; if the executor pays the same before an appeal is perfected, he is protected in such payment; he is also protected if no appeal be taken from that part of the decree which awards costs. Matter of Eastman, 25 Weekly Dig. 397.

3. Whether costs in a probate proceeding should be charged personally against the unsuccessful contestant or out of the estate, rests in the discretion of the surrogate; a defeated contestant should be charged with costs if his resistance has been wanton or malicious or clearly unfounded. Matter of Henry, 5 Dem. 272.

4. In New York County the surrogate's court will impose costs on the unsuccessful contestant in probate proceedings, whose position has not been characterized by good faith. Matter of Whelan, 6 Dem. 425; s. c. 17 St. Rep. 772; 15 Civ. Pro. 273; 2 N. Y. Supp. 635.

5. The surrogate's court has power, in a case of palpable bad faith on the part of the attorney and counsel for contestants, to compel them personally to pay the costs of the contest. Matter of Tacke, 17 St. Rep. 805; s. c. N. Y. Supp. 198.

6. The costs of an appeal may be charged upon the proponent of an alleged testamentary paper, who has conducted himself improperly in the premises. Seamen's Friend Society v. Hopper, 33 N. Y. 619.

7. Upon an appeal from a surrogate's decree, the fact that the appellate division charges the costs of the appeal, personally upon the contestants of the will, is no reason why the surrogate should change his original award of costs, and direct that the costs in his court, should also be personally charged against the contestants. Matter of Seagrist, 8 App. Div. 298; s. c. 40 N. Y. Supp. 940.

8. Where a surrogate finds that a party to a proceeding to appoint an administrator, did not act in good faith, in contesting the petitioner's right to the appointment, the costs are properly awarded against such contestant. Matter of Clark, 15 N. Y. Supp. 370.

9. When a will is contested, the award of costs is made by way of idemnity to the successful party, and when a person tries to get the estate, and fails to secure it, it is proper that he should be charged personally with the costs. Matter of Seagrist, 1 App. Div. 615; 11 Misc. 188; affirmed in 153 N. Y. 682 (No. op.)

10. Where executors have been grossly negligent in the management of the estate, and have withheld from their accounts a substantial amount which the surrogate was justified in concluding they intended to appropriate to their own use, they are properly chargeable with the cost and expenses of the proceedings for accounting. Matter of Gabriel, 44 App. Div. 623; 60 N. Y. Supp. 87. Affirmed without opinion, 161 N. Y. 644; 57 N. E. Rep. 1110.

11. An executor against whom there is no charge or proof of misconduct or improper management of the estate, should not be charged personally with the costs of the accounting. Matter of Dutcher, 102 App. Div. 410; 92 N. Y. Supp. 418.

12. Where it appeared on an accounting that an executor, by failure to take steps to collect a debt due the estate, allowed the same to be barred by the Statute of Limitations, it was proper to charge the executor personally with the cost of the proceedings on which his account was surcharged with the claim. Matter of L. I. L. & T. Co. (In re Northrup), 92 App. Div. 5; 87 N. Y. Supp. 318.

13. Where an administrator with the will annexed has possession of a trust fund, and in a proceeding to compel him to render an account, urges technical objections against such proceeding, such resistance amounts to an effort on his part to convert the trust fund to his own use and the entire costs of the proceeding will be charged to him. Matter of Post, 30 Misc. 551; 64 N. Y. Supp. 369; 1 Mills Surr. 479.

14. A stenographer has a right to have his fees for services on an accounting before a referee paid from the funds of an estate, but such payment may not be charged against one of the heirs who was not present at the hearing nor a party to the agreement. Matter of Maritch, 29 Misc. 270; 61 N. Y. Supp. 237.

15. Where, upon the judical settlement of an executor's account, it

appeared that the executor had used money of the estate in prosecuting speculations in claims against the estate, and that he procured assignments of such claims for less than their face value, and charged them in his account as fully paid, he should be charged personally with the costs of the accounting. Matter of Rainforth, 40 Misc. 609; 83 N. Y. Supp. 57.

### 16. Counsel Fees.

(See also note on Counsel Fees of Executors and Administrators, vol. I, p. 219.)

1. In a proceeding for the construction of a will, the carving out of a large sum of money from the estate by the granting of special allowances to counsel engaged, is wrong in principle, and should not be followed—rules applicable to the granting of allowances in such cases. West v. Place, 4 Misc. 9; appeal dismissed in 80 Hun, 255.

2. An executor is not confined to the amount allowed by Code Civ. Pro., §§ 2561 and 2562, in remunerating his counsel for services rendered on the accounting but may expend such sum as he deems proper in that behalf, to be included in his account. Matter of Mitchell, 39 Misc. 120; 78 N. Y. Supp. 976.

3. Where a creditor institutes proceedings for an account, the surrogate cannot make an allowance to the counsel of the petitioner, based on the entire value of the estate; and his decree making such allowance is not conclusive upon the sureties in the administrator's bond. Browning v. Vanderhoven, 55 How. Pr. 97; s. c. 4 Abb. N. C. 166.

4. The surrogate of New York may grant allowances to the attorneys, instead of the parties; and when several are retained, the maximum should be apportioned among them. *Ex parte* Lockman, 4 Abb. N. C. 173. And see Hurd v. Warren, 16 Hun, 622.

5. It is otherwise, outside of county of New York; he can only award taxable costs, not a sum in gross. Seaman v. Whitehead, 78 N. Y. 306; reversing s. c. 18 Hun, 64.

6. The surrogate may award costs, to be taxed, but he cannot make an arbitrary allowance for counsel fees. Devin v. Patchin, 26 N. Y. 441.

7. The surrogate has no power to allow counsel fees out of the estate, in a probate cause. Christy's Will, 1 Tuck, 22.

8. A surrogate has no power to award counsel fees, to be paid out of the estate, to both the contesting parties. Lee v. Lee, 39 Barb. 172; s. c. 16 Abb. Pr. 127.

9. The surrogate has no power, upon an accounting, to direct the accountant to place in the hands of a co-executor a sufficient sum to enable him to pay counsel for contesting the account. Thompson v. Mott, 1 Dem. 32.

10. The surrogate may authorize the payment of counsel fees, by a temporary administrator, out of the trust-fund. Stokes v. Dale, 1 Dem. 260.

11. The surrogate of New York has no power to make an allowance to the counsel of parties who have opposed and objected to the probate, where there has been no real " contest." Peck v. Peck, 23 Hun, 312.

12. If a claim against an estate be successfully resisted, the surrogate may make an allowance to the executor in lieu of costs, to be paid to the counsel in the cause; if there has been a reference, the quantum of the referee's fees cannot be brought before the court of appeals. Kearney v. McKeon, 85 N. Y. 136.

13. The repeal of the act of 1870, ch. 359, did not deprive the surrogate of New York of the power to grant allowance in lieu of costs, in pending cases. *Ex parte* Gray, 91 N. Y. 502; s. c. 27 Hun, 455.

14. Under the Code of Civil Procedure, the surrogate of New York cannot award compensation, out of a decedent's estate, directly to the counsel of a party litigant; in a case within § 2561, he cannot award to an administrator a greater sum, as costs, than is provided by the code. Withers's Estate, 1 Dem. 103. Stokes's Estate, Ibid. 260; Hewitt's Estate, Ibid. 249. And see *Ex parte* Brown, Ibid. 317.